The correct method for the defendant to have brought the question which he wishes to raise, before the court, was to set out the mortgage verbatim, and then to have stated the matter of avoidance, which, upon his construction of the mortgage would have barred the action; or he might have denied the execution of the alleged mortgage. Either of these methods would have raised the question of law arising upon the instrument; but an averment that a certain clause is not contained in the mortgage, without giving its actual language, does not afford sufficient data for determining its legal effect. Such an answer would have been insufficient under the former rules of pleading. But as those rules are abolished, we are perhaps obliged to pronounce upon these securities in the light of such averments respecting them as the parties have furnished us with.
The complaint sets out the bond, and as a portion of it, the clause by which the payment of the principal of the debt was to be accelerated by a default in the interest; and it then states the execution of the mortgage on the same day "as collateral security for the payment of such indebtedness," and that it contained the same condition as the one in the bond. As the plaintiff was only bound to state the legal effect of his securities, leaving it to the defendant, if he questions the accuracy of the statement, to set them out or to deny the deeds, his pleading is not to be understood as averring that the mortgage contained a condition in the same language with that embraced in the bond. The complaint would be proved in substance if it should appear that the mortgage contained a reference to the bond in the usual form, "according to the condition of a certain bond, bearing even date with the mortgage." Such a reference would be sufficient to make the mortgage payable upon the same conditions, in all respects, with the bond; and it might, then, properly be said that the mortgage was upon the same condition as the bond. A mortgage is always collateral to the debt attempted to be secured, and when it refers to the instrument *Page 501 
which is the principal security, the two instruments are to be taken together, and form but one security. Now to say, as this answer does, that the mortgage does not contain any condition, agreement or clause, in the terms stated in the averment in the complaint where it sets out the condition of the bond, does not meet the substance of the allegation that the mortgage has the same condition as the bond. It simply pleads the existence of certain language, without denying the substance of the contract as set out in the complaint, and without setting out the contract itself, so that the court may see what it is. It may well be that nothing is said, in terms, in the mortgage, as to the effect of the non-payment of interest; and yet it may refer to the bond in such a manner as to adopt its provisions. It is not stated, either in the complaint or the answer, that there was any covenant in the mortgage for the payment of the debt. Assuming that there is no such covenant, the bond is the only personal obligation. The object of the mortgage is to reinforce that obligation; and a reference in the mortgage to the paper containing such obligation, makes the bond a part of the mortgage for all essential purposes. The answer, to present a bar to a foreclosure should, at least, have shown that there was nothing on the face of the mortgage to connect it with the bond.
I conceive that the recording laws have nothing to do with the case. The defendant purchased with full knowledge of the plaintiff's mortgage, and subject to it. The existence or effect of constructive notice, arising out of the record, is immaterial to the case. The defendant, by his purchase, undertook to pay off the mortgage, according to its terms. If the mortgage referred to the bond, and the answer does not deny that it did, he had notice of that instrument and was bound to make himself acquainted with its provisions. I am of opinion that the answer is insufficient.
The judgment of the Supreme Court should therefore be reversed and judgment should be given for the plaintiff. *Page 502 
COMSTOCK and BROWN, Js., did not hear the argument and took no part in the decision. The other judges concurring,
Judgment reversed without costs and judgment rendered for plaintiff, with leave to defendant to answer without payment of costs.