COOK v. HUGHES.

BILL OF EXCEPTIONS — *when neccessary.* The copy of a note attached to a declaration and inserted in the transcript of the record by the clerk is no part of the record. It should be embodied in a bill of exceptions.

PRESUMPTION *in support of judgment.* This court will presume that the evidence in the court below was sufficient to support the declaration, unless the contrary appear.

*Error to District Court, Arapahoe County.*

Messrs. PURKINS & COOK, for plaintiff in error.

Mr. GEO. F. CROCKER, for defendant in error.

HALLETT, C. J.   This was an action of assumpsit brought by the defendant in error against the plaintiff in error, to the March term, 1867, of the district court of Arapahoe county.   The plaintiff below declared upon a bank check for the sum of $800, made by the defendant below on the 27th day of December, 1866.   The plaintiff in error did not appear in the court below, and there was judgment against him by default for the amount of the check.   It is said that the proceedings of the district court were erroneous, for the reason that the check upon which the judgmen t was rendered was dated December 27, 1867, was not due at the commencement of the suit, and was not correctly described in the declaration.   The check given in evidence is not before us, and, therefore, we cannot consider the questions here raised.   The copy attached to the declaration, and that inserted in the transcript by the clerk, form no part of the record, and there is no bill of exceptions.   *Martin* v. *Ehrenfels,* 24 Ill. 188; *Franey* v. *True,* 26 id. 184.

The declaration describes a check due and payable at the commencement of the suit, and, as the contrary does not appear, we presume that the evidence supported the allegations of the declaration.

The judgment of the district court is affirmed, with costs.

*Affirmed.*