JOHN McCLAVE, Appellant, v. JOHN GIBB, Respondent.

(New York Superior Court—General Term, January, 1895.)

To amount to a denial the traverse must be neither too large nor too narrow.

Where the complaint alleges several facts conjunctively, a conjunctive denial only denies the conjunction, and is not a denial of the separate existence of either fact.

The complaint in an action upon two policies of fire insurance alleged that plaintiff "duly performed all the conditions of said policies of insurance on his part," and that plaintiff, "more than sixty days before the commencement of this action, to wit, on the 10th day of June, 1893, at the city of New York, presented to the attorney of the defendant, pursuant to the terms of said policies, notices and proofs of the fire and loss aforesaid." The answer denied that "the plaintiff duly performed all the conditions of each of the said policies of insurance on his part. He denies upon information and belief that more than sixty days before the commencement of this action, or at any time, the plaintiff presented to the attorney of the defendant, pursuant to the terms of said policies, due notices and proofs of the fire and loss aforesaid." Held, that the only issue tendered by these allegations of the answer was that one of the conditions of one of the policies was not performed, without specifying the condition or policy, and that such tender was ineffectual to create an issue.

APPEAL by plaintiff from so much of a judgment entered upon a decision of the court at Equity Term as dismissed the complaint.

Parsons, Shepard & Ogden, for appellant.

Wm. B. Ellison, for respondent.

McADAM, J.   The action was in equity upon two policies of insurance issued by the association known as the American

Lloyds upon the plaintiff's property at Nos. 602 to 610 West Twenty-second street, in this city, insuring him in the sum of $6,000 against loss or damage by fire. The relief asked was that an award of $2,185, made by appraisers appointed after the fire to fix the sound value of the property and the amount of damage to it by the fire, be set aside as having been improperly procured by the insurer; and this being out of the way, that the plaintiff recover the amount of his actual loss upon the policies, to wit, $6,000.

On April 12, 1893, the building insured was substantially destroyed by fire. On April 29, 1893, a formal agreement to appraise was executed by the parties; and on May 4, 1893, the umpire and the appraiser nominated by the defendant made an award, fixing the sound value of the property at $5,500, and the damage by the fire at $2,185. The appraiser nominated by the plaintiff refused to join in the award, and the plaintiff refused to accept it. The complaint alleged, and the court found, that whereas the policy required that the appraiser should be competent and disinterested, the appraiser selected by the defendant was not disinterested, but was biased and prejudiced in favor of the defendant and his associates; that it was in ignorance of this that the plaintiff executed the agreement appointing him; that the plaintiff had no notice of the time and place of the making of the appraisement or of the meeting of the appraisers, and was not present at any appraisement; that no opportunity was afforded him to offer evidence or to make representations or explanations relative to the nature of the property destroyed or the amount of the loss; that the appraiser nominated by the defendant did not, on the appraisal, act as a disinterested appraiser, and did not seek to obtain an award which represented the actual and honest loss sustained by the plaintiff by the fire, but acted in a way that was biased and intended to be for defendant's interest; that this appraiser and the umpire refused to consider evidence, though competent, pertinent, material and duly offered in season, of the nature and value of certain of the property of the plaintiff covered by the insurance which had

New York Superior Court, January, 1895. [Vol. 11.

been destroyed by the fire; and that they made their award in ignorance of the nature or value of such property and without including in the award any allowance for it.

In contravention of the award of the appraisers fixing the damage at $2,185, the court found that in fact it was $5,000. As a conclusion of law the court found "that the award should be set aside and held for naught," and the judgment does accordingly adjudge and decree "that the award dated the 4th day of May, 1893, be and the same is hereby' set aside and held for naught."

The judgment is rather unique in that, although granting to the plaintiff all the relief to obtain which it was necessary for him to go into a court of equity, it adjudges and decrees "the plaintiff's complaint herein be dismissed."

The decision was based upon findings of fact, as follows:

" *Twenty-second.* That the notice of the loss by the fire in question, given by the plaintiff after the fire, was not immediate or due notice.

"*Twenty-third.* That the plaintiff did not, after said fire, make a complete inventory of the property referred to in said policies, stating the quantity and cost of each article and the amount claimed thereon.

" *Twenty-fourth.* That the plaintiff did not, within sixty days after the occurrence of said fire, render to the said attorney a statement signed and sworn to by the plaintiff stating the purposes for which the building in said policies described was occupied at the time of the said fire, and the time so to do was not extended in writing by the said attorney for the defendant and his said associates," and upon the following conclusions of law:

" *Second.* That the plaintiff was bound on the occurrence of the fire in question to give immediate notice of any loss caused thereby as a condition precedent to the commencement of this action.

" *Third.* That the plaintiff was bound upon the occurrence of the fire in question to make a complete inventory of the property, stating the quantity and cost of each article and the

amount claimed thereon as a condition precedent to the commencement of this action.

"*Fourth.* That the plaintiff was not entitled to maintain this action until the expiration of sixty days after the defendant and his associates had received satisfactory proofs of loss.

"*Fifth.* That the plaintiff was not entitled to maintain this action until the expiration of sixty days after he had rendered a statement signed and sworn to by him stating the purpose for which the building in said policies described was occupied at the time of said fire."

To these findings and conclusions the plaintiff duly excepted.

The complaint, pursuant to section 533 of the Code, alleges that " the plaintiff duly performed all the conditions of said policies of insurance on his part," and then specifically alleges that plaintiff, " *more than sixty days before the commencement of this action, to wit, on the 10th day of June, 1893, at the city of New York, presented to the attorney of the defendant, pursuant to the terms of said policies, due notices and proofs of the fire and loss aforesaid.*"

This was met by the answer only as follows : " The defendant denies upon information and belief that the plaintiff duly performed all the conditions of each of the said policies of insurance on his part. *He denies, upon information and belief, that more than sixty days before the commencement of this action, or at any time, the plaintiff presented to the attorney of the defendant, pursuant to the terms of said policies, due notice and proofs of the fire and loss aforesaid.*" The first question presented is whether this portion of the answer put in issue the facts upon which the trial judge made his findings and conclusions before referred to, for if it did not, such findings and conclusions must be held to be unauthorized and erroneous.

A fact alleged and not denied is admitted (Code, § 522), and in order to amount to a denial, the traverse must be neither too large nor too narrow. A traverse may be too large by being taken in the conjunctive instead of the disjunctive, or

by involving in the issue quantity, time, place or other circumstances which, though forming part of the allegations traversed, are immaterial to the merits of the case. Moak's Van Santv. Pl. 815; Bliss Code Pl. § 332, note. To an allegation stating several facts conjunctively, a conjunctive denial only denies the conjunction, and is not a denial of the separate existence of either fact. Abbott's Trial Brief on Pl. §§ 586, 587, 590. In 2 Tillinghast & Shearman's Practice, 153, it is said: " A denial of a series of allegations must be in the disjunctive; that is, it must controvert each of them viewed separately, and not merely deny them collectively." To substantially the same effect, see *Young* v. *Catlett*, 6 Duer, 437; *Hopkins* v. *Everett*, 6 How. Pr. 159; Gould's Pl. 293; *Salinger* v. *Lusk*, 7 How. Pr. 430; *Davison* v. *Powell*, 16 id. 467; *Shearman* v. *Central Mills*, 1 Abb. Pr. 187; *Baker* v. *Bailey*, 16 Barb. 55; *King* v. *Whittaker*, 44 N. Y. 565; *Dimon* v. *Dunn*, 15 id. 498; *Fleischmann* v. *Stern*, 90 id. 110; *Reed* v. *Hayt*, 51 N. Y. Super. Ct. 121; 109 N. Y. 659; 2 Wait's Pr. 421; *Stuber* v. *McEntee*, 142 N. Y. 206. By these negatives pregnant the only issue tendered was that one of the conditions of one of the policies was not performed, but which condition or under which policy does not appear; hence the tender is ineffectual to create an issue. Such a denial does not meet the requirements of prescribed practice and is unauthorized by our system of pleading. A negative pregnant is one of those faults of pleading which fall within the rule that pleadings must not be ambiguous or doubtful in meaning. Steph. Pl. (4th ed.) 408, 409.

This being our view of the pleadings, and the plaintiff, by proceeding to trial, not having waived his right to a proper construction thereof according to the legal principles stated, it becomes immaterial whether there was or was not a waiver having the force of an estoppel, which precluded the defendant from questioning the timely service of the preliminary notices and proofs, and the discussion of this matter, therefore, becomes unnecessary.

It is sufficient that there was no issue which justified the

findings and conclusions excepted to, and the judgment of dismissal founded thereon must, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN and GILDERSLEEVE, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.