No. 11,686.

MOORE *v.* ELLISON.

Decided November 14, 1927.

Action by mortgagee to recover possession of an automobile. Judgment for defendant.

## *Affirmed.*

1. PRINCIPAL AND AGENT—*Knowledge.* Where the agent of the mortgagee of an automobile knew that the mortgagor was in the auto retail business and that the mortgaged car was kept with his stock in trade at his salesroom, the principal was bound by the knowledge of the agent.

2. CHATTEL MORTGAGE—*Sales—Title.* Where the mortgagee permitted the mortgagor, a retail dealer in autos, to keep the mortgaged car with others at his salesroom, although the car was only to be used as a demonstrator, one who purchased the car without knowledge of the limitation obtained good title unencumbered by the mortgage.

3. EQUITY—*Fraud—Innocent Parties.* Where one of two innocent persons must suffer loss because of the fraudulent act of a third person, the law places the loss upon the one who put it in the power of the third person to commit the fraud.

*Error to the District Court of the City and County of Denver, Hon. Samuel W. Johnson, Judge.*

Mr. JOHN P. JAMES, for plaintiff in error.

Mr. CHARLES GINSBERG, Mr. M. S. GINSBERG, for defendant in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE plaintiff in error (plaintiff below) sued to recover from the defendant the possession of an automobile, claimed by the plaintiff by virtue of a chattel mortgage executed by one Harvey. The mortgage was recorded, and was lawfully extended several times. While the mortgage was in force, the defendant bought the automobile from Harvey without actual notice of the mortgage. His attorneys admit that the mortgage, by its terms, not only did not permit a sale, but expressly provided that the automobile should not be sold without the written consent of the mortgagee. They contend, however, that the mortgaged property was part of Harvey's stock in trade, and therefore that the mortgage was void as to the defendant. The trial court found for the defendant. Harvey was a retail automobile dealer, carrying on his business at 712 Broadway, in Denver, where he kept a stock of automobiles and sold them in the regular course of trade. When he borrowed the money from the plaintiff, he represented that the automobile was to be used as a demonstrator. The plaintiff consented to its use as such, but did not consent to a sale of the automobile. The mortgage described the automobile as "now located" at 712 Broadway, and required it to be "maintained" there.

When the defendant made the purchase, this automobile and others were in Harvey's salesroom, at 712

Broadway, the place designated in the mortgage. This automobile had been in that salesroom continuously for 3 or 4 weeks next prior to its purchase by the defendant. When she took the mortgage, the plaintiff knew that Harvey was in the automobile business, selling automobiles. She testified that she did not know that 712 Broadway was Harvey's showroom, or salesroom. After making the loan, she never "checked up" on the automobile to see where it was. After taking the mortgage, she left it with one Startzell, who was connected with The Federal Service Corporation, at whose office the mortgagor's note was made payable. Startzell kept the mortgage at the office of that company, and, at the plaintiff's request, extended the mortgage 2 or 3 times. During all that time Startzell knew that Harvey was engaged in the retail business of selling automobiles and that his showroom, or salesroom, was at 712 Broadway. These facts support the judgment. In the circumstances, the knowledge of Startzell is to be imputed to the plaintiff. The plaintiff expressly permitted the automobile to be kept at 712 Broadway, knowing, through her agent, that that was Harvey's salesroom. It was kept in that room with other automobiles constituting the stock in trade, and there was nothing to warn purchasers that this car differed from the others so far as concerned the dealer's right to sell.

Where a mortgagor is a retail merchant engaged in selling articles of merchandise of the same kind as the mortgaged property, and the mortgagee permits the mortgagor to keep the mortgaged property in his salesroom, among such other articles constituting his stock in trade, which he is selling in the regular course of trade; in such case, even though the permission is coupled with the proviso that the mortgaged property may be used for purposes of demonstration only, one who purchases the mortgaged property at the mortgagor's salesroom, in the regular course of trade, without notice of such limitation on the use of the property, obtains good title un-

encumbered by the mortgage. If the law were otherwise, no one would dare purchase at a merchant's retail store a fur coat, a suit of clothes, a piano, a radio set, or any other article of merchandise, without first searching the chattel mortgage records in the office of the county clerk and recorder. It cannot be that a recorded mortgage of a diamond ring, for example, kept, with the mortgagee's consent, in a retail dealer's show case commingled with other rings of the same kind, can be enforced against a purchaser in the ordinary course of business, merely because, unknown to the purchaser, the mortgagor and the mortgagee had orally agreed that the mortgaged ring should be used for the purpose of exhibition only. Business cannot be hampered by any such impracticable rule as that. If the mortgagee in the present case had required the mortgagor to keep the automobile at some other place, e. g., his place of residence, and, in violation of such requirement and without the knowledge of the mortgagee, the mortgagor had placed the automobile among other automobiles constituting his stock in trade at his salesroom, and had sold it, a different case would have been presented. In the present case, the plaintiff consented to such a use of the automobile by the mortgagor as enabled the latter to perpetrate a fraud. Either the plaintiff or the defendant must suffer loss by reason thereof. Where one of two innocent persons must suffer loss because of the fraudulent act of a third person, the law places the loss upon the one who put it in the power of the third person to commit the fraud. In this case that person is the plaintiff.

The judgment is affirmed.

MR. JUSTICE DENISON, sitting for MR. CHIEF JUSTICE BURKE, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.