No. 14,407.

ZUCKERMAN v. GUTHNER.

(85 P. [2d] 727)

Decided December 5, 1938.    Rehearing denied December 27, 1938.

MR. F. W. HARDING, for plaintiff in error.

MESSRS. VAN CISE, ROBINSON & CHARLTON, MR. JOHN L. KIVLAN, for defendant in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THE parties appear here in the same relative position as in the court below and hereinafter reference will be made to them as plaintiff and defendant.  By authority of

an execution issued upon a judgment against one Gerick, the defendant levied upon and took into his custody certain personal property in the possession of Gerick including two automobiles, the subject of this controversy. After his demand for the return of the property had been refused by defendant, plaintiff instituted this replevin action alleging in the usual form that he was the owner, and entitled to the immediate possession, of these particular automobiles, and that defendant wrongfully and without right withheld their possession from him. The answer, after denying the allegations of the complaint, sets up two further separate defenses. In due course plaintiff filed a replication, to which defendant interposed a general demurrer, which was sustained by the court. Plaintiff thereupon elected to stand upon his replication and judgment was entered in favor of the defendant.

Under the assignments of error the decisive question for determination is whether or not the replication puts in issue certain controlling allegations of the third and separate defense, the pertinent paragraphs of which are as follows:

"2. That said Gerick is now, and at all times mentioned herein was, as this plaintiff well knew, engaged in the business of buying automobiles and selling them at retail; and that said Gerick, as this plaintiff well knew, maintained a showroom or salesroom at 1601 Broadway, in the City and County of Denver, State of Colorado."

"3. That this plaintiff expressly permitted said automobiles, hereinbefore described, to be kept in said showroom or salesroom with other automobiles constituting the stock in trade of said Gerick, to be sold by said Gerick as his property in the usual and regular course of business."

The replication admits the allegation of paragraph 2, supra, and, in addition, alleges that Gerick also was engaged in the business of selling cars on consignment. With respect to paragraph 3 of the third, further and

separate defense contained in the answer, the replication states: "Plaintiff denies the allegations contained in paragraph three in said third, further and separate defense in the manner and form as therein alleged and set out and plaintiff alleges that said automobiles in question were delivered to the said Gerick to be sold by the said Gerick as the property of the plaintiff herein and the proceeds from said sale to be delivered to the plaintiff herein by the said Gerick and that the said Gerick would be entitled to a certain commission upon his selling the said automobiles."

Defendant contends that the attempted denial of the allegations of the answer by the use of the words, "in the manner and form as therein alleged and set out," as contained in the foregoing paragraph of the replication, is wholly insufficient to put in issue the allegations of paragraph 3 thereof. Under section 62 of the Code of Civil Procedure, denials must be either general or specific and, further, must be positive unless in the form of the statutory denial on information and belief. The fact that section 77 of the Code provides inter alia, that: "The replication may be general in terms denying all new matters set up in the answer," does not alter the situation where that method of pleading is not adopted. On this subject section 404, volume 1, Bancroft's Code Pleading (1926 edition), states: "The denials must, however, be clear and unequivocal. Evasive denials are not sufficient. Hence literal and conjunctive denials, or denials *merely in manner and form*, or which fail to deny the averment in the complaint intended to be controverted in its substance and intent, are insufficient to raise an issue." Standing alone, therefore, the denial, "in the manner and form" merely, does not controvert the above mentioned allegations of the answer, and under the code section 77 these allegations then would of necessity be taken as true. However, in addition to making this ineffective denial, plaintiff in the same paragraph pleads affirmative matter in the nature of avoidance, alleging an

agency, or bailment of the automobiles inconsistent with the situation disclosed by the allegations of paragraph 3, supra, of the answer which are the basis of the estoppel relied upon by the defendant. Such affirmative averments of fact contrary to, or inconsistent with, those alleged in the pleading of the adversary to which they are directed are equivalent to a denial. *Sylvis v. Sylvis*, 11 Colo. 319, 17 Pac. 912; Bancroft's Code Pleading, Practice and Remedies, vol. 1, 10 year Supp. §422.

It follows that the trial court erred in sustaining the demurrer and the judgment accordingly is reversed and the cause remanded for trial on the issues presented by the pleadings.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE BOUCK and MR. JUSTICE YOUNG concur.