No. 14,578.

ZUCKERMAN *v.* GUTHNER.
(96 P. [2d] 4)

Decided October 23, 1939. Rehearing denied November 13, 1939.

Mr. F. W. HARDING, for plaintiff in error.

Messrs. VAN CISE, ROBINSON & CHARLTON, Mr. JOHN L. KIVLAN, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS matter was before us on a previous occasion on a question of pleading *(Zuckerman v. Guthner,* 103 Colo. 276, 85 P. (2d) 727), at which time the cause was remanded "for trial on the issues presented by the pleadings." The issues sufficiently appear in the record, and the parties again retain the same relative position as below, plaintiff being plaintiff in error here. The trial was to a jury, but at the close of the testimony, the court on motion directed a verdict for defendant, and Zuckerman brings the case here for a review of the judgment entered accordingly.

A brief resumé of the facts is necessary because on the former hearing, disposition being on the pleadings, few of the facts were presented. Plaintiff, Zuckerman, was the owner of two automobiles to which he acquired title and of which he obtained possession in 1936. Later he delivered both cars to one Gerick, a licensed used-car dealer in Denver to be sold by him. Gerick occupied a building at No. 1061 Broadway. The words "Cars Bought and Sold" appeared in prominent lettering across two of the large display windows of his establishment, and the word "consignments" was printed in smaller letters

on a window adjoining the entrance door to the right. All cars on the sales floor displayed Gerick's tags. There was nothing to distinguish plaintiff's cars from the others, or to show that any of them were on consignment for sale, although a separate record book was kept of the consigned cars.

Plaintiff's own statement of his deal with Gerick was as follows: "In order for me to sell this car, I was to assign that car first to a used-car dealer or else I would be classified as a used-car dealer [He had no license as such]. So I would assign my car to Robert Gerick and he would reassign it to the party that was buying the car, but he was to deliver the money to me in full before he received the title. * * * I left both of them with Mr. Gerick to sell."

December 28, 1937, these two cars were in Gerick's possession when the sheriff seized them on an execution against him, and thereupon this action in replevin was instituted by Zuckerman to recover them from the sheriff. The trial court held that when he placed the two automobiles in the possession of Gerick, as dealer, plaintiff thereby clothed him with apparent ownership and, as a result, he was estopped to assert his ownership or right to immediate possession of the said cars as against a judgment creditor levying upon them under execution.

We do not find it necessary to discuss, or to pass upon, any one of plaintiff's sixteen assignments of error specifically, because his counsel poses the question to be decided thus: "Whether or not a consignor, who has placed his property with a consignee for sale, for the purpose of sale only, is estopped to assert his title against a judgment creditor of the consignee who has levied execution upon the same to satisfy his judgment?"

██ It goes without saying that the answer must be limited to the facts of the case. The law in this state is to the effect that a judgment creditor is in the same position as a bona fide purchaser for value. In a strik-

ingly similar situation to that here presented we held, in the case of *Moore v. Ellison,* 82 Colo. 478, 261 Pac. 461, that the owner of the car was estopped from setting up his title against a bona fide purchaser. The case of *Carter v. Rowley,* 59 Cal. App. 486, 211 Pac. 267, sets forth the law applicable to the present litigation, and we quote therefrom as follows: "Let us now apply these principles to the present case. Plaintiff, who employed McNabb as his agent to find a purchaser, voluntarily left his car with McNabb, a dealer in second-hand cars —the so-called 'garage' being but a building in which McNabb stored the second-hand cars which were held by him for sale. His premises were surrounded by conspicuous signs advertising to the world that his business was that of selling used cars. Plaintiff testified that he knew McNabb's line of business. With this knowledge he left his car with McNabb in order that the latter might find a purchaser for it. McNabb was more than a mere bailee; he was plaintiff's agent to find a purchaser. Whatever may have been the private arrangement between plaintiff and McNabb, whatever the latter's actual authority may have been, plaintiff, by his own voluntary act, clothed McNabb with such indicia of authority to sell the car as usually accompanies such authority according to the custom of trade and the general understanding of business men." Substituting Gerick's name for McNabb's, we have the situation at bar, except that here the word "consignments" appears on the dealer's window; but, as stated, plaintiff's cars bore Gerick's tags, so the use of that word as indicated, was immaterial. It was the identity of the particular cars that was important.

This was not a bailment, as plaintiff contends, because there was no obligation to return the cars. Gerick was authorized to sell them and pay over the money to plaintiff. *Sturm v. Boker,* 150 U. S. 312, 14 Sup. Ct. 99, 37 L. Ed. 1093. Nor are we impressed with the attempted distinction that the seizure of the cars

was "not in the usual course of trade," in view of the legal status of the defendant as a bona fide purchaser for value. Under our law, one connotes the other.

Thus in view of the law as above stated, it becomes unnecessary to consider plaintiff's objections based on the rulings of the trial court in excluding and receiving certain evidence, since its rulings thereon were consistent with the admitted law. The titles were not in issue. The record presents purely a question of estoppel.

The judgment clearly was right and is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.