No. 15,087.

Guthner, Manager of Safety and ex officio Sheriff
*v.* Union Finance and Loan Company.

(135 P. [2d] 237)

Decided March 15, 1943.

Mr. Jackson M. Seawell, for plaintiff in error.

Mr. Lennart Erickson, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

THIS is an action in replevin brought below by the Union Finance & Loan Company, a corporation, defendant in error, hereinafter referred to as the Finance Company, mortgagee of an automobile, against Guthner, Manager of Safety and Excise, and ex officio sheriff of the City and County of Denver, hereinafter referred to as the sheriff, who had levied on and taken possession of the automobile under an execution of a judgment creditor. The trial court upheld the validity of the chattel mortgage and held the Finance Company entitled to possession. The sheriff seeks reversal on a writ of error, relying almost entirely on the case of *Zuckerman v. Guthner,* 105 Colo. 176, 96 P. (2d) 4.

We think the Zuckerman case has no application as is indicated by one statement therefrom, viz., "The record presents purely a question of estoppel." Estoppel is predicated on a factual situation, and while in cases where only one inference can be drawn from it, it is a question of law for the court, if there is any conflict, it is for the trier of facts. 19 Am. Jur. 855.

There is no transcript of any evidence in the record at hand, and counsel on both sides embrace the findings of fact of the trial court for the purpose of disposition of the legal issue involved.

Findings of fact of the trial court are as follows:

"1. That at a pre-trial conference held June 3, 1941, plaintiff was represented by Lennart Erickson, its attorney herein, and defendant by Jackson M. Seawell, his attorney herein.

"2. That at said pre-trial conference several issues were raised but it was agreed that the court should first determine whether or not the chattel mortgage set forth in the complaint was enforcible against the defendant at the time this suit was commenced and the car described therein taken from the defendant by the plaintiff. Should the court find the above issue in favor of the plaintiff, such finding would dispose of the case

and entitle the plaintiff to a judgment for possession of the automobile described in the chattel mortgage and for its costs expended in this behalf.

"3. At the time this suit was commenced, the defendant had the car in his possession by virtue of a levy made on execution issued out of the Denver District Court against the mortgagor named in plaintiff's chattel mortgage. The mortgagor was a regularly licensed automobile dealer in the City and County of Denver, Colorado, at the time the car was placed in his lot for sale as an automobile dealer but subject to all the terms and conditions of the chattel mortgage in question as between the mortgagor and mortgagee. The car was so located when taken by the defendant as aforesaid. The chattel mortgage was duly filed for record at the time the aforesaid levy was made and the car was located at the dealer's place of business when taken by defendant as aforesaid. It was contended by defendant that the chattel mortgage in question was upon an automobile and that same being merchandise and stock in trade, the said chattel mortgage was not enforcible as against the judgment creditor who had levied upon the car belonging to the judgment debtor. The plaintiff contended that by the terms of its chattel mortgage, the mortgagor was in substance merely a trustee with no authority other than to sell the car and turn the proceeds over to the mortgagee for disposition by the mortgagee and that, therefore, by this and other terms of its chattel mortgage, which is a part of the record, its lien was enforcible against the defendant.

"4. At the aforesaid pre-trial conference arguments were heard and written briefs submitted by the respective parties and the court took the matter under advisement, and, thereafter, on the 9th day of September, A.D. 1941, the court rendered the following opinion, a copy of which was furnished to respective counsel, to wit: 'It is the opinion of the court, after consideration of the matters raised at the oral argument and in the type-

written briefs submitted to the court, that the chattel mortgage involved in the litigation is valid. Other and further orders in the case in conformity with this holding will be made upon application of counsel'." It will be noted that the above makes no reference to estoppel, and it cannot be said as a matter of law that the facts recited constitute the basis for one.

The Finance Company's chattel mortgage provides: "Mortgagor agrees that, at his expense, he will hold said motor vehicle separate and apart from his stock in trade, in trust for the mortgagee as the property of the mortgagee, with liberty to exhibit the same for sale, but not to sell the same except under the following conditions: 1. Said motor vehicle is not to be sold for less than the indebtedness hereby secured, it being the express intention of the parties to preserve unimpaired the mortgagee's title and not to waive the same. 2. Upon sale of the said motor vehicle, mortgagor agrees that all proceeds of the sale, including monies, properties, notes, mortgages, choses-in-action, and all other things of value of any nature or description whatsoever, shall become the property of the mortgagee, to be held in trust by the mortgagor, and mortgagor promises to turn over immediately to the mortgagee all such proceeds without expense to the mortgagee. 3. It is understood that in making such a sale, mortgagor is acting as agent for the mortgagee only for the purpose of liquidating said indebtedness, but without power to warrant or guarantee, and all sales shall be subject to mortgagee's approval and consent."

It has always been the law in this state that in the absence of anything in the record to the contrary, the appellate court will presume that the facts necessary to warrant the judgment were proved or admitted. *Cook v. Hughes,* 1 Colo. 51.

As has already been noted, the trial court found: "the mortgagor was a regularly licensed automobile dealer * * * [and] at the time the car was placed in his

lot for sale as an automobile dealer * * * [it was] subject to all the terms and conditions of the chattel mortgage in question as between the mortgagor and mortgagee. The car was so located when taken by the defendant as aforesaid." This was a finding that the car was held "separate and apart from his stock in trade, in trust for the mortgagee as the property of the mortgagee, with liberty to exhibit the same for sale, but not to sell the same," etc.

We notice also from the pleadings that the matter of the validity of the levy of the sheriff was in issue, but presumably counsel for the sheriff feels bound by his action at the pre-trial conference since he did not avail himself of "other and further orders in the case in conformity with this holding," as ordered by the court.

What the sheriff is asking us to do is, to hold that this chattel mortgage is unenforcible against him as a matter of law. We cannot do so on the record at hand.

Our recent opinion in *Wilson v. Mosko,* 110 Colo. 127, 130 P. (2d) 927, wherein we held, under the circumstances therein disclosed, that an owner of an automobile was not precluded from recovering it from one who had purchased it from a used car dealer, might well be read for the light it gives on this type of case.

Judgment affirmed.

MR. JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE JACKSON concur.