No. 16,413.

JORGENSEN *v.* MORRIS ET AL.
(220 P. [2d] 359)

Decided June 12, 1950.

Mr. THEODORE J. ADAMS, ALICE LOVELAND, for plaintiff in error.

Mr. DAVID H. MORRIS, for defendants in error.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

.PLAINTIFF in error, as plaintiff in the trial court, brought this action in replevin against defendants in error, Fleenor's, Inc., and Otis O. Fleenor, to recover possession of one 1946 automobile said to be unlawfully detained from plaintiff. The action was dismissed as to

Fleenor's, Inc., and Otis O. Fleenor. From an adverse judgment, plaintiff brings error.

The facts necessary to an understanding of the issues herein, as shown by the record, are that plaintiff, a graduate of the University of Copenhagen, Denmark, and whose home is in Denmark, came to the United States in November, 1947, to study production methods; he purchased the automobile in question in September, 1948, having title thereto issued to him; on June 1, 1949, plaintiff took said automobile to Fleenor's, Inc., a licensed dealer in automobiles, and operated by Otis O. Fleenor, for the purpose of finding a buyer therefor, and with the understanding that if said dealer found a prospective buyer, plaintiff was to be notified thereof and the details of the sale arranged between the plaintiff and the purchaser; the certificate of title to the car was, at all times material to this controversy, retained in plaintiff, and was never endorsed in blank or otherwise; the car was left in possession of Fleenor's, Inc., until June 8, 1949, when plaintiff, having himself found a purchaser for said automobile, went to the business place of Fleenor's, Inc., about 5:30 P. M., took the car from the lot and turned it over to the prospective purchaser, a Mr. Phillip H. Bannister, to try out and show to his family; plaintiff's license plates, having been removed from the automobile, a dealer's license plate was borrowed from Fleenor's, Inc., to be used on the car while it was being demonstrated; plaintiff and purchaser met again at about 9:00 P. M., the same evening on Broadway, near the dealer's place of business, to talk over the condition and price of the car and details of the proposed sale, at which time it was agreed that certain minor repairs should be made to the car at plaintiff's expense; during such negotiations a representative of said dealer removed the dealer's plates from the car and returned them to the dealer; thereafter and about 9:30 P. M. the automobile was returned to Fleenor's, Inc., at which time the place was closed;

plaintiff testified that he then drove the automobile through the used car lot to the garage and left the keys in the car. Fleenor testified that he found the automobile "at the shop door" the next morning [June 9, 1949].

On the morning of June 9, 1949, plaintiff phoned Fleenor giving instructions to make certain minor repairs on the car demanded by the purchaser; a carbon copy of the repair order made by the shop foreman dated June 9, 1949, wherein plaintiff was listed as the owner of the automobile, was introduced in evidence, showing in detail the repairs to be made on the car at a total cost of $9.52. June 11, 1949, defendant in error Charles Foster, sheriff of Arapahoe county, while the car was still in the repair shop, seized and levied upon it under an execution issued upon a judgment held by defendant Morris against Fleenor's, Inc., and Otis O. Fleenor, and removed the auto from the repair shop. At the time of the levy, there were present, in addition to the sheriff, defendant in error David Morris, and Otis O. Fleenor. The latter testified that at the time of the seizure of the automobile, he told defendants in error that the car did not belong to him or to his company, but that it belonged to plaintiff, and that it was in his shop for repair. The truth of this testimony was admitted by Foster, on the witness stand.

■ It now is contended by defendants in error that under the above circumstances, and especially by reason of the fact that there were no license plates on the car, nothing in the glove compartment to identify the owner, and because the car was previously placed on Fleenor's, Inc., used car lot for sale, defendants in error were justified in assuming that the car belonged to Fleenor's, Inc., and that plaintiff is now estopped from claiming ownership by reason thereof.

In making the above contention, defendants in error entirely ignored the fact that there was no necessity of relying upon the circumstantial evidence above set out

to prove ownership, as defendants in error had positive knowledge at the time of the seizure that Fleenor and his company never owned the automobile, and had no interest therein except the amount of the repair bill. There is nothing in the record to indicate that defendant in error either made inquiry concerning the certificate of title to said automobile, or made any reasonable effort to ascertain who was the owner thereof. The sheriff testified that he had taken down the motor number of the car from which he could ascertain from public records the true owner's name, but that he made no effort to do so.

The question of estoppel was considered by us in *Standard Motor Co. v. American Loan System,* 120 Colo. 311, 209 P. (2d) 264, and there determined adversely to the contention of defendants in error in the present action. In that case the bailee attempted to mortgage plaintiff's automobile, which was on a used car lot for sale, and it was there argued that by reason of the presented circumstances—similar to those involved in the instant case—that said bailee was clothed with "indicia of ownership" and that the mortgagee had a right to rely thereon in making a loan without further investigation of the title. We there held that the mortgage was invalid, and that the true owner of the automobile was not estopped from claiming its invalidity. In that case the mortgagor claimed to be the owner of the property mortgaged, with lawful right to mortgage the same and warrant the title; in the present action Fleenor claimed no interest whatever in the property, but on the contrary, personally advised both Morris and the sheriff before the levy was made that plaintiff was the owner of said automobile. Defendants in error, nevertheless, for reasons not explained, chose to disregard the positive evidence concerning the title, and to rely instead upon circumstantial evidence in seizing and selling plaintiff's automobile to satisfy Morris' judgment against Fleenor.

Defendants in error rely upon the following decisions in support of their contention: *Moore v. Ellison,* 82 Colo. 478, 261 Pac. 461; *Zuckerman v. Guthner,* 105 Colo. 176, 96 P. (2d) 4; and assert under the doctrines announced in those cases, that "the rights of the defendants are so obvious, clear and certain that further argument is unnecessary."

 Since the transaction involved in the Moore case, supra, arose, the legislature adopted Article I, chapter 16, '35 C.S.A., which, as indicated by its title (S.L. '25, p. 375, c. 136), was passed "to protect the title of motor vehicles within this state; to provide for the issuance of certificates of title and evidence of registration thereof; to regulate purchase and sale or other transfer of ownership; to facilitate the recovery of motor vehicles stolen or otherwise unlawfully taken * * *."

The purpose of the act is, as we have said, to make automobile titles more safe and certain, to protect those who deal therein, "and to obviate the necessity of relying upon circumstantial evidence as to the ownership thereof." *Standard Motor Co. v. American Loan System, supra.* In view of the above provisions of the statute there is no excuse for relying upon circumstantial evidence, as was done in the present case, when positive evidence of title is available. The Moore case, supra, is further distinguishable from the instant proceeding in that the automobile there involved, "was kept in that room with other automobiles constituting the stock in trade, and there was nothing to warn purchasers that this car differed from the others so far as concerned the dealer's right to sell." In the instant case the automobile was not in the dealer's stock of merchandise at the time the levy was made, but on the contrary, was in the repair shop being repaired for the purchaser. The Moore case, therefore, does not support the contention of defendants in error.

It appears upon the face of the second case upon which defendants in error rely, *Zuckerman v. Guthner,*

*supra,* that it is inapplicable here. It was there said: "This was not a bailment, as plaintiff contends, because there was no obligation to return the cars. Gerick was authorized to sell them and pay over the money to plaintiff."

The evidence in the case at bar is undisputed that Fleenor had no authority to sell the automobile; could not have done so without the certificate of title; was under a binding obligation to return the car to the owner upon demand, and actually did so prior to the seizure and levy under execution.

The judgment of the trial court is reversed and the cause remanded with instructions to enter judgment for plaintiff.

MR. JUSTICE HOLLAND not participating.