## No. 17,717.

Earl Blevins, Director of Revenue, et al. *v.*
J. Nelson Truitt.
(299 P. [2d] 1100)

Decided July 23, 1956.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. John B. Barnard, Jr., Assistant, for plaintiffs in error.

Mr. J. Nelson Truitt, Pro se, Mr. J. Emery Chilton, for plaintiff in error.

*En Banc.*

Mr. Justice Sparks delivered the opinion of the Court.

In the trial court plaintiffs in error were defendants and the defendant in error was plaintiff. The parties will be herein referred to in that order.

In May, 1955, the plaintiff purchased a motor vehicle and immediately applied to the proper officials of the City and County of Denver for registration and certificate of title. This application was made under the name of J. Nelson Truitt. The responsible clerk requested the plaintiff to execute an affidavit to the effect that the initial "J" did not stand for a name. Since the plaintiff did have a first name, he refused to execute the affidavit. In accordance with regulations promulgated by the defendants as Director of Revenue of the State of Colorado and as Assistant Director and Motor Vehicle Supervisor, the clerk refused to register the vehicle. The clerk interpreted the regulations in question to mean that the full name of the vehicle owner be inscribed on the certificate of registration. The defendants state, however, that the regulations require only the first name, middle initial and last name. In any event, registration was not to be permitted by the use of a first initial if that initial in fact stood for a given name. Apparently, however, the responsible officials would be satisfied if an affidavit were executed by the owner to the effect that an initial did not stand for a name, even though such affidavit might be false.

The evidence is undisputed that throughout his life the plaintiff has used the name of J. Nelson Truitt and no other. As a matter of fact, his driver's license was issued under that name. Upon the refusal of his registration as requested, plaintiff initiated an action in the nature of

mandamus against the defendants to compel the issuance of the proper registration and to have the pertinent regulations issued by the defendants declared unlawful, capricious and arbitrary, and for damages.

After a hearing on the merits, the trial court held that the regulations were capricious and arbitrary and ordered the issuance of the certificate of title in accordance with plaintiff's request, but denied the plaintiff's claim for damages.

By writ of error in this Court the defendants urge that the regulations in question be held valid. The plaintiff continues to pursue his claim for damages in the sum of $50.00.

C.R.S. '53, 13-5-3, pertaining to the registration of motor vehicles, provides in part as follows:

"(1) * * *

"(a) The name and address of the owner, * * *
* * *

"(d) The purpose for which the same [the vehicle] is used, *and any other information required by the department."* (Emphasis supplied.)

The defendants rely on the underlined portion above as authority for the disputed regulation.

■ As noted in sub-section (1) (a), the legislature has already provided that the name of a motor vehicle owner be stated in applying for registration. It follows, therefore, that the name of the owner by any logical interpretation cannot be included in "other information" as set forth in sub-section (1) (d). The defendants actually undertook to define "name of the owner" by issuing the regulation now questioned. Since the defendants are by law charged with the duty of registering motor vehicles, we cannot conceive that the issuance of such a regulation was in itself arbitrary and capricious. The question before this Court is whether or not the definition as promulgated by the defendants is correct.

■ In interpreting words of a legislative enactment we have often stated that the governing rule of con-

struction is that the intention of the legislature is to be found in the ordinary meaning of the words used in the statute when considered in the light of the object to be accomplished or remedied. *Sheely v. People,* 54 Colo. 136, 129 Pac. 201.

In reviewing the purpose of the legislative acts requiring registration of motor vehicles in the State of Colorado, we stated in *Jorgensen v. Morris,* 122 Colo. 94, 220 P. (2d) 359, as follows:

"The purpose of the act is, as aforesaid, to make automobile titles more safe and certain, to protect those who deal therein and 'to obviate the necessity of relying upon circumstantial evidence as to the ownership thereof.'" See, also, *Standard Motor Co. v. American Loan System, Inc.,* 120 Colo. 311, 209 P. (2d) 264.

In short, the obvious purpose in requiring the name of the owner to be stated is for proper identification. Following this reasoning, it is clear that a person is more easily and quickly recognized by the name which he habitually uses.

Plaintiff was born under the name of Jabez Nelson Truitt. Throughout his life he has been known as J. Nelson Truitt. The defendants argue that the plaintiff has the right to have his motor vehicle registered under the name of Jabez N. Truitt, but not under the name J. Nelson Truitt. Since the plaintiff has never used his first name, it is doubtful that even close friends would accord him recognition through its use. It follows that the regulation of the defendants, instead of promoting easy and rapid identification, actually hinders such identification.

Since the regulation adopted by the defendants requiring the identification of a motor vehicle owner by his first name, middle initial and surname, in cases like the one at hand, tends to confuse and delay proper identification, it contravenes the legislative intent, and we accordingly hold it to be improper and unlawful.

The plaintiff's claim for damages is based upon time

allegedly spent in conference with the defendants and their agents concerning the issuance of the motor vehicle title in dispute. We are unable to find any authority for plaintiff's claim in this respect.

Judgment of the trial court is accordingly affirmed.