Hilary D. **LANG**, Plaintiff,

v.

**AMERICAN MOTORS CORPORATION,**
a Maryland corporation, Defendant.

**No. 65-C-163.**

United States District Court
E. D. Wisconsin.

June 15, 1966.

David L. Walther, Milwaukee, Wis., for plaintiff.

Herbert P. Wiedemann, Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

This case is before the court on plaintiff's motion to remand to the Circuit Court for Milwaukee County.

On May 21, 1965, plaintiff commenced an action for monetary damages in the Circuit Court for Milwaukee County. The complaint alleges that plaintiff is a resident of Milwaukee County in the State of Wisconsin, and that the defendant is a Maryland corporation engaged in the business of manufacturing heavy goods, with its office and principal place of business in Milwaukee, Wisconsin. It further alleges that plaintiff was discharged from defendant's employ in violation of the provisions of a collective bargaining agreement which had been entered into between the defendant and plaintiff's bargaining agent, Local 75, U.A.W., A.F.L.-C.I.O.

Defendant filed a timely petition for removal to this court on the ground that plaintiff's action is a civil action in which the United States District Courts have original jurisdiction, in that said action is a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in 29 U.S.C.A. §§ 142 and 185. Defendant's verified petition, accompanied by bond and timely notice, was served upon the Clerk of the Circuit Court and plaintiff's counsel. On June 18, 1965, plaintiff filed a notice of motion to remand this action to the State court.

Section 1441 of 28 U.S.C.A. authorizes removal of a civil action from a State court to the United States District Court under the following circumstances (insofar as here relevant):

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. \* \* \* "

Section 301(a) of the Labor Management Relations Act of 1947, which is 29 U.S.C.A. § 185(a), confers original jurisdiction on the district court as follows:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

This action must be remanded unless it is a case arising under the Constitution, treaties, or laws of the United States, in which event it falls within the original jurisdiction of this court. This case arises under the laws of the United States, coming within this court's original jurisdiction if it falls within the scope of 29 U.S.C.A. § 185(a).

Plaintiff contends that this case does not come within the federal district court's original jurisdiction and therefore is not removable from a State court to this court, since the complaint does not allege that the labor organization in question represents employees in an industry affecting commerce. Plaintiff argues that whenever federal jurisdiction rests upon a federal question, the federal question must be disclosed in its entirety upon the face of the complaint, unaided by the petition for removal. In other words, plaintiff feels that the operation of the removal statutes may be circumvented in the present case by the simple expediency of omitting from the face of the complaint any allegations of interstate commerce.

Defendant contends that the law of removability of a case from a State court whose jurisdiction is concurrent with original federal jurisdiction is dependent upon whether the State court, if it heard the cause, would be obliged to apply only federal law, or whether it could apply State law.

If the State court could apply State law, removability would be governed by the contents of the complaint alone, for plaintiff should not be deprived of his choice of law. If, on the other hand, the State court would be obliged to apply only federal law, then defendant contends a deficiency in alleging a federal question in the complaint could be supplied by the petition for removal. If this were not the case, defendant argues, plaintiff would possess the power to withhold from defendant a forum which Congress has chosen to allow defendant. This power can only be justified when plaintiff has the right to make an election of law. Defendant states that under 29 U.S.C.A. § 185(a), a State court can apply only federal law, citing Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962); Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); and Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

■ We make no decision on this point of dispute between plaintiff and defendant, as the motion presently before the court can be adequately decided without doing so. Assuming plaintiff is cor-

rect in his contention that the petition for removal may never be consulted to supply any deficiency in the complaint to disclose the federal question, plaintiff's motion to remand must still be denied. The face of the complaint alone, aided only by a judicially noticeable matter of common knowledge, discloses that this suit falls within 29 U.S.C.A. § 185(a).

■ It is a matter of common knowledge that American Motors Corporation carries on extensive activities with regard to its products in interstate commerce. National Labor Relations Board v. Vulcan Forging Co., 188 F.2d 927, 930 (6th Cir. 1951). It is well settled law that facts, of which judicial notice may be taken, need not be alleged in the complaint, and that a court may take judicial notice of such a fact even when the complaint makes an express allegation to the contrary. 71 C.J.S. Pleading § 7 (1951); 4 Cyclopedia of Federal Procedure § 14.184 (3rd ed. 1951). This court will not ignore matters of common knowledge relating to facts or parties pleaded in the complaint itself. We, therefore, take judicial notice of the fact that American Motors Corporation is an industry affecting commerce.

The complaint indicates that Local 75, U.A.W., A.F.L.–C.I.O., represents employees at American Motors Corporation which, as previously noted, is judicially noticeable as an industry affecting commerce. Local 75, therefore, represents employees in an industry affecting commerce.

Thus, all the requirements of 29 U.S.C.A. § 185(a) are met without reference to the petition for removal. The four corners of the complaint alone aided by a judicially noticeable matter of common knowledge relating to material within the complaint's contents disclose that this is a suit for violation of a contract between an employer (American Motors Corporation) and a labor organization (Local 75, U.A.W., A.F.L.–C.I.O.) representing employees in an industry affecting commerce.

For the foregoing reasons,

It is ordered that the motion of the plaintiff, Hilary D. Lang, to remand the above-entitled action to the Circuit Court for Milwaukee County, Wisconsin, be and it is hereby denied.