**BERKEY TECHNICAL CORP.**

v.

**UNITED STATES.**

**C.R.D. 73–27; Court No. 71–6–00284.**

United States Customs Court.
Nov. 21, 1973.

Serko & Sklaroff, New York City (Irving A. Mandel, New York City, of counsel) for plaintiff.

Irving Jaffe, Acting Asst. Atty. Gen. (Joseph I. Liebman, New York City, trial attorney), for defendant.

RE, Judge:

This motion arises out of litigation in which certain articles, imported by the plaintiff, were classified by the customs officials under item 653.39 of the Tariff Schedules of the United States, as modified, as "other illuminating articles, or parts thereof, of base metal", and were assessed with duty at 19 per centum ad valorem. Pursuant to rule 4.7(d) of the rules of this court, plaintiff has moved for an order to compel the defendant to make more definite and certain a paragraph in its answer.

Rule 4.7(d) provides:

"(d) *Motion for More Definite Statement*: Any party may move for an order to make any pleading more definite and certain. The motion shall point out the defects complained of and the details desired. * * *"

Plaintiff's request is predicated on the contention that the disputed paragraph of the answer does not comply with rule 4.6(a)(2) of this court.

Rule 4.6(a)(2) provides:

"(a) *General*: The answer to a complaint shall:

* * * * * *

(2) if there is a denial of an allegation, contain a concise statement of the defendant's contention as to the facts or law concerning the matter denied; * * *."

The allegation of the complaint, and the answer claimed not to be sufficiently definite, read as follows:

*Plaintiff's Complaint*:

"8. Said articles are not illuminating."

*Defendant's Answer*:

"8. Denied."

In essence, therefore, plaintiff contends that the word "denied", stated in defendant's answer, does not comply with the applicable rule of court; hence, the present motion to compel the defendant to make its answer "more definite and certain". It may be stated, at the outset, that the discretion of the court, in granting or denying a motion to render a pleading "more definite and certain", should be exercised in such a manner as to further the spirit of the rules, to simplify procedure, and to expedite the trial of cases on the merits.[1]

Prior to their adoption, the rules of this court were the subject of extensive study at the various meetings of the Advisory Committee on Rules of the United States Customs Court. It was observed that an answer needed to be only as precise as the complaint. See Rogers v. Scott, 35 N.M. 446, 300 P. 441 (1931). That is, if the complaint is drafted in general terms, the defendant would be justified in responding by a general denial.

The deliberations of the Advisory Committee meetings leave no doubt that the purpose of the pleadings was to narrow the issue. For example, when there are allegations which are admitted, there is no necessity for the plaintiff to offer any proof to sustain those allegations; however, if plaintiff's allegations are denied, it would be necessary to prove them if plaintiff wished to prevail. The dual function of the defendant's answer, therefore, is to apprise the

---

1. See Fleming v. Dierks Lumber & Coal Co., 39 F.Supp. 237 (D.C.Ark.1941), and Etablissements Neyrpic v. Elmer C. Gardner, Inc., 175 F.Supp. 355 (D.C.Tex.1959).

plaintiff and the court of the allegations in the complaint that are admitted, and hence are not in issue at the trial, and those that are contested which will require proof to enable the plaintiff to prevail.

It is well to remember that procedure "exists only for the sake of 'substantive' law." Holland, Jurisprudence 355 (12th ed. 1917). In broad terms, pleadings are designed to inform the court of the question before it for decision. They are the written statements made by the parties of their respective grounds of action or defense. The object is to ascertain what are the matters in controversy, and to keep the inquiry within reasonable bounds. See Pollock, Jurisprudence 79–80 (1929).

Plaintiff herein has alleged that certain "articles are not illuminating." The defendant, in its answer with the single word "denied" has controverted that allegation, i.e., it has denied that they "are not illuminating." Surely a more elaborate answer could have been drafted. Verbosity, however, would not have improved upon the clear and positive response that categorically denied plaintiff's allegation. The denial was neither equivocal nor ambiguous. See Zuckerman v. Guthner, 103 Colo. 276, 85 P.2d 727 (1938). It was a direct contradiction of plaintiff's allegation, and was therefore sufficient to raise a triable issue. See McClave v. Gibb, 11 Misc. 44, 31 N.Y.S. 847, 849–850 (1895).

Traditionally, pleadings have served four major functions: (1) they give notice of the nature of the claim or defense; (2) they state the facts each party believes to exist; (3) they serve to narrow the issues that must be litigated; and (4) they provide a means for the speedy disposition of sham and insubstantial claims and defenses.[2] Thus, the overriding purpose of pleadings in this court is the framing of the issue or issues that need be litigated.

While rule 4.7(d) of the rules of this court is based in part upon rule 12(e) of the Federal Rules of Civil Procedure, it does not contain language which limits its application only to those instances where the pleading complained of is so vague or ambiguous that a proper response cannot be framed. See Mitsubishi International Corp. v. United States, 71 Cust.Ct. ——, ——, C.R.D. 73–19 (1973).[3] Nevertheless, rule 4.7(d) ought not to be construed in a manner that would destroy the fundamental distinction between pleading and proof. Nor should it be construed so as to alter the applicable rule as to the burden of proof.

In a customs case, plaintiff has the burden of proof. Indeed, there is a presumption that, the Secretary of the Treasury, or his delegate, has correctly made his determination; and that the burden to prove the contrary rests entirely upon the plaintiff, or the party challenging the determination of the customs officials. See United States v. Enrique C. Lineiro, 37 CCPA 5, C.A.D. 410 (1949).

Included in the presumption of correctness is the subsidiary presumption that the Secretary of the Treasury, or his delegate, has made all the correct findings of fact necessary to sustain his determination. See United States v. New York Merchandise Co., Inc., C.A.D. 1004, 435 F.2d 1315, 58 CCPA 53 (1970); W. A. Gleeson v. United States, C.A.D. 998, 432 F.2d 1403, 58 CCPA 17 (1970); Novelty Im-

---

2. See Wright and Miller, 5 Federal Practice and Procedure 59–60 (1969).

3. Rule 12(e) provides:

   (e) *Motion for More Definite Statement.* If a pleading to which a responsive pleading is permitted is *so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading*, he may move for a more definite statement before interposing his responsive pleading. * * * " (Emphasis added.)

   In contrast, rule 4.7(d) provides: "Any party may move for an order to make any pleading more definite and certain. The motion shall point out the defects complained of and the details desired. * * * "

port Co., Inc. v. United States, 53 CCPA 28, C.A.D. 872 (1966). Furthermore, facts which the court may properly judicially notice need not be alleged, but may be read into the pleadings, even when there are express allegations to the contrary. See In re Bowling Green Milling Co., 132 F.2d 279 (6th Cir. 1942); Nicketta v. National Tea Co., 338 Ill.App. 159, 87 N.E.2d 30 (1949); Lang v. American Motors Corp., 254 F. Supp. 892 (D.C.Wis.1966).

■■■ It is axiomatic that the rule-making power must conform with constitutional and statutory limitations. Consequently, rules of court, unless their validity is to be questioned, must, of necessity, be reconciled with pertinent statutes. Rule 4.7(d), therefore, may not be interpreted so as to permit the plaintiff to shift its burden of proof to the defendant. See 28 U.S.C. § 2635 (1970). In the case at bar, the classification of the merchandise by the appropriate customs officials gave rise to the statutory presumption that it was of the type contemplated by item 653.39 of the tariff schedules.

In R. J. Saunders & Co., Inc. v. United States, 67 Cust.Ct. 599, C.R.D. 71–1 (1971), this court had occasion to decide a motion for a more definite statement under circumstances similar to those at bar. The plaintiff in the *Saunders* case claimed that the defendant's answer was inadequate in that it did not contain statements of defendant's contentions regarding law and facts as to each denial of the allegations in the complaint.

In denying the motion, the court stated:

"In view of the statutory presumption and the subsidiary presumptions flowing therefrom, defendant's answer in the instant case, which denies the allegations of the complaint and states in a separate paragraph, designated as an affirmative defense, its contention (of fact and law) that the decision of the Regional Commissioner at New York is correct is sufficient to cover all the allegations." 67 Cust.Ct. at 601.

It is possible to distinguish the instant case from the *Saunders* case in that no affirmative defense has been pleaded here. Nonetheless, the court is of the opinion that, for purposes of the present motion, the assertion of an affirmative defense is unimportant. The statutory presumption of correctness still governs, and plaintiff, in order to prevail, must bear its burden of proof to overcome the presumption.

It cannot be doubted that rule 4.7(d) must be construed and applied in conformity with the applicable statutory presumption of correctness. Also, it cannot be construed in such a way as to mandate verbiage, repetition or detail at variance with modern pleading and current federal practice. Codes of civil procedure, and rules promulgated thereunder, are designed to simplify pleading and eradicate the formalism, technicality, and detail characteristic of ancient procedure.

The pleadings have served their functions once they have framed the issue. From that moment, all efforts, of both bench and bar, are to be devoted to a resolution of the merits of the controversy. Pleadings are designed to advance a case for trial so that the court may decide the issue presented for judicial determination. If a party cannot prepare for trial without the aid of discovery, generous provisions for discovery are found in all modern rules of court.

In the case at bar, plaintiff has alleged that certain articles classified by the customs officials as illuminating articles "are not illuminating." The defendant has "denied" plaintiff's allegations that they are "not illuminating" articles. Having thus framed the issue, a trial ought to follow to determine the merits of the controversy.

For the foregoing reasons, plaintiff's motion is denied.