SECURITIES AND EXCHANGE COMMISSION, Plaintiff–
Appellee,

v.

John E. WORTHEN, Defendant–
Appellant.

No. 95–56768.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 1996.

Decided Oct. 17, 1996.

Knut S. Johnson, McKenna & Cuneo, San Diego, CA, for defendant-appellant.

James A. Brigagliano, Assistant General Counsel, Securities and Exchange Commission, Washington, DC, for plaintiff-appellee.

Before: FLETCHER and TASHIMA, Circuit Judges, and RESTANI,* Judge, United States Court of International Trade.

FLETCHER, Circuit Judge:

John Worthen appeals from the district court's denial of his motion for relief from a judgment of permanent injunction entered against him by default in 1974 in a civil case brought by the Securities and Exchange Commission ("SEC" or "Commission"). We affirm.

*FACTUAL BACKGROUND AND PROCEDURAL HISTORY* [1]

In 1974, the Commission sued Worthen and others alleging violations of the federal securities laws. The docket sheet indicates that on 7 May 1974, a summons and complaint were served on Worthen, who at the time was incarcerated in Utah on pending charges of unrelated federal securities violations. Worthen apparently never responded to the complaint, as the SEC filed a request for entry of default. The default was granted, and the SEC moved for entry of a default judgment. The court entered the default judgment, which included a permanent injunction ordering Worthen not to violate cer-

tain provisions of the federal securities laws. Worthen was served with a copy of the Order for Default Judgment of Permanent Injunction on 24 July 1974.

In 1987, Worthen was indicted on 12 counts of criminal contempt of the injunction. According to the SEC, he was a fugitive from the time of the indictment until January 1989. Worthen pled guilty to four counts of criminal contempt of the injunction and was sentenced to time served and probation.

The SEC represents that it began another investigation into Worthen's securities activities in 1994 and that the investigation is currently ongoing.

Worthen's motion under Federal Rule of Civil Procedure 60(b) for relief from the 1974 permanent injunction was made in August 1995. In preparing the motion, Worthen's counsel attempted to consult the district court's record of the 1974 proceedings. The district court informed counsel that the record had been sent to the Federal Records Center, but when retrieved from the Center the record contained only numerous depositions filed in the 1974 action. The district court has been unable to locate the clerk's record containing the pleadings and other filings of the parties as well as the orders and judgments of the court; only the docket sheet documenting those filings and orders is currently available.

The Commission opposed Worthen's motion for relief and filed copies of certain documents from the 1974 proceedings. The district court denied the motion, making clear that it was not relying on the SEC's copies but only on the entries on the docket sheet. Worthen timely appeals.

*JURISDICTION*

The district court had jurisdiction over the SEC's 1974 complaint under 15 U.S.C. §§ 77v, 78aa. It therefore had jurisdiction over proceedings to modify the judgment

---

* Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

1. Most of the district court's records for the 1974 proceedings in this case are missing. In re-

counting the relevant events of those proceedings, we have therefore relied largely on the district court's docket sheet for the case.

entered on that complaint. We have jurisdiction over the appeal under 28 U.S.C. § 1291.

### STANDARD OF REVIEW

The denial of a Rule 60(b) motion for relief from judgment is reviewed for an abuse of discretion. *Export Group v. Reef Indus., Inc.,* 54 F.3d 1466, 1469 (9th Cir.1995).

### DISCUSSION

#### I. Rule 60 Relief

Under Rule 60(b)(5), a court "may relieve a party ... from a final judgment" if "it is no longer equitable that the judgment should have prospective application". With respect to permanent injunctions, we have held that "Rule 60(b)(5) represents a codification of preexisting law, recognizing the inherent power of a court sitting in equity to modify its decrees prospectively to achieve equity". *Transgo, Inc. v. Ajac Transmission Parts Corp.,* 911 F.2d 363, 365 (9th Cir.1990) (internal quotation marks and citation omitted). Such modification, we have explained, "is extraordinary relief, and requires a showing of extraordinary circumstances". *Id.* We have articulated three requirements for this extraordinary relief: clear showings of "a substantial change in circumstances or law since the orders were entered, extreme and unexpected hardship in compliance with the injunction['s] terms, and a good reason why [the court] should modify the permanent injunction[ ]". *Id.*

In 1992, the Supreme Court held that "a party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree". *Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 383, 112 S.Ct. 748, 760, 116 L.Ed.2d 867 (1992). The applicability of *Rufo* to this case, and its effect on this circuit's *Transgo* standard, are not entirely clear. We need not resolve this uncertainty, however, because Worthen has not met either standard.

#### A. Passage of Time

■ Worthen first argues that the district court abused its discretion in denying his motion for relief because 21 years have passed since the entry of the injunction and 10 years have allegedly passed since his last known violation of federal securities laws.[2] The mere passage of time, however, does not constitute a ground for relief from an "obey the law" injunction or a reason why prospective application of a judgment is no longer equitable: "[O]bedience to the mandate ... provides no justification for dissolving the injunction. Compliance is just what the law expects." *Securities and Exchange Comm'n v. Advance Growth Capital Corp.,* 539 F.2d 649, 652 (7th Cir.1976) (footnote, internal quotation marks, and citation omitted). *See also Wirtz v. Graham Transfer and Storage Co.,* 322 F.2d 650, 652 (5th Cir.1963). The district court did not abuse its discretion in deciding that Worthen had not shown that the mere passage of time constituted a significant change in circumstances justifying relief.

#### B. Inability to Defend

■ Worthen argues that he was unable to avoid the default judgment because he was incarcerated in Utah at the time of the 1974 proceedings against him in California and the government refused his request to release or transfer him in order to allow him to defend himself. Worthen has offered no explanation as to why he did not seek relief from the default on this ground in 1977, when he was released from custody. Any claim for relief based on his incarceration is time barred by the requirement of Rule 60(b) that a motion for relief be made "within a reasonable time". The district court properly denied relief on this ground.

#### C. Missing Court Records
##### 1. Complaint and Order for Default Judgment

■ Worthen argues that he is entitled to relief from judgment because the SEC's original complaint and the court's order granting

---

**2.** Worthen states that the last act alleged in the 1987 indictment against him occurred in "approximately January 1985".

the injunction are missing from the district court's records. Worthen argues first that Rule 54(c) requires that a default judgment "not be different in kind from ... that prayed for in the demand for judgment". Because the demand for judgment is contained in the complaint, Fed.R.Civ.P. 8(a), and because the complaint and the default judgment are missing from the court's records, Worthen argues that it is not possible to tell whether or not the default judgment conforms to Rule 54(c). Next, Worthen argues that the absence of the complaint deprives him of his right to contest the legal sufficiency of the complaint's allegations to support the judgment. *See Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir.1978); *Alan Neuman Prods., Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir.1988), *cert. denied* 493 U.S. 858, 110 S.Ct. 168, 107 L.Ed.2d 124 (1989). Finally, Worthen argues that because the actual order for default judgment is missing, there is no evidence that the injunction complied with the requirements of Rule 65(d) that it "set forth the reasons for its issuance; ... be specific in terms; [and] describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained".

The SEC provided copies of both the complaint and the order for default judgment to the district court. Worthen argues strenuously, however, that there is no proof that those copies are authentic or that they are identical to those in the court's missing record.

While it is unfortunate that the district court's actual records in this case have not been located, the district court's refusal to vacate the injunction on that ground was not an abuse of discretion. In the first place, a "presumption of regularity" is accorded to the proceedings leading to the district court's final judgment. The Supreme Court has described this presumption as "deeply rooted in our jurisprudence". *Parke v. Raley,* 506 U.S. 20, 29, 113 S.Ct. 517, 523, 121 L.Ed.2d 391 (1992). *See also Voorhees v. Jackson,* 35 U.S. (10 Pet.) 449, 472, 9 L.Ed. 490 (1836) ("There is no principle of law better settled, than that every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears."). Worthen has presented no affirmative evidence to negate this presumption as to the form of the complaint or the judgment.

If legitimate concerns exist about what the terms of the injunction are, about whether the order for default judgment complied with the requirements of Rules 54(c) and 65(d), or about what the allegations of the complaint were, Worthen's proper recourse in the first instance is to apply in the district court to reconstruct the record. The Judicial Code provides that "any interested person not at fault may file ... a verified application for an order establishing the lost or destroyed record". 28 U.S.C. § 1734(b). Notice to all other interested parties is required and if, after a hearing, "the court is satisfied that the statements contained in the application are true, it shall enter an order reciting the substance and effect of the lost or destroyed record. Such order ... shall have the same effect as the original record." Further, 28 U.S.C. § 1735(a) provides that where the United States is a party to a case in which the record is lost or destroyed, "a certified copy of any official paper of a United States attorney, United States marshal or clerk or other certifying or recording officer of any ... court [of the United States], made pursuant to law, on file in any department or agency of the United States and relating to such case .... shall, on being filed in the court to which it relates, have the same effect as an original paper filed in such court". In the absence of any attempt on Worthen's part to follow the statutorily prescribed procedures for establishing the content of the lost record in this case, it was not an abuse of discretion for the district court to deny Worthen's motion for relief.

### 2. Service of Summons

Worthen argues that the district court should have granted him relief from the default judgment because the judgment was void for lack of service of a summons on Worthen. *See Mason v. Genisco Technology Corp.,* 960 F.2d 849, 851 (9th Cir.1992). The district court's docket sheet from 1974 shows that return of service on Worthen of the summons was timely filed in the district

court. Together with the presumption of regularity attaching to the district court's judgment, this suffices to show that the judgment was not void.

Worthen, however, attempts to rebut the presumption of regularity on this point. While decrying the SEC's submission to the district court of unauthenticated copies from SEC files of documents from the missing court record, he nonetheless relies on one such copy, the "Instruction and Process Record", to show that the summons was never served. The district court expressly declined to base its ruling on any of the copies submitted by the SEC, but even if we assume that Worthen is entitled to rely on this document on appeal, it would prove only that Worthen *was* in fact served with the summons. The document is the Marshal's certification that service of "the writ described" was made on Worthen, and the blank for the "Type of Writ" served has been completed with the handwritten word "Summons". Thus, the document on which Worthen relies itself shows that the judgment is not void for a defect in the service of process. The district court therefore did not abuse its discretion in denying relief on this ground.

## II. Due Process

Worthen argues on appeal that the absence of the court record violates his due process rights to notice of the terms of the permanent injunction and to an opportunity to present his objections to the injunction. This argument, however, was not presented to the district court. The general rule is that this court "will not consider an issue raised for the first time on appeal", and Worthen has made no argument that this issue falls within one of the exceptions to this rule. *Bolker v. Comm'r,* 760 F.2d 1039, 1042 (9th Cir.1985). We therefore do not reach this issue.

## CONCLUSION

Because the district court did not abuse its discretion in denying Worthen's motion for relief, we affirm.