124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BELLEVUE MANOR ASSOCIATES, Plaintiff-Appellant,
and
BOUNDARY VILLAGE APARTMENTS; BRANDT NORWEST COMPANY;
BURIEN HOUSE ASSOCIATES; MARY CARPINITO; CASHMERE MANOR
ASSOCIATES; CEDAR HEIGHTS PARTNERSHIP; CEDARWOOD APARTMENT
INVESTORS; CENTRALIA MANOR ASSOCIATES; CHARTER HOUSE
ASSOCIATES; CHEHALIS MANOR ASSOCIATES; EASTWOOD SQUARE
ASSOCIATES; EMERSON MANOR ASSOCIATES; ENTIAT GARDENS
LIMITED PARTNERSHIP; FERNDALE VILLA LIMITED PARTNERSHIP;
HARBOR MANOR ASSOCIATES; GORDON HENDRICKSON; JOANNE
HENDRICKSON; HERITAGE ASSOCIATES; WOODLAKE MANOR III;
HOMESTEAD ASSOCIATES; KENNEWICK GARDEN COURT ASSOCIATES;
ANACORTES MANOR ASSOCIATES; LAKEVIEW MANOR; WOODLAND GLEN
ASSOCIATES; MAGNOLIA APARTMENT INVESTORS; KURTIS R. MAYER;
PAMELA MAYER; MCKINLEY TERRANCE ASSOCIATES; MEADOW PARK
GARDEN COURT ASSOCIATES; MONROE APARTMENT ASSOCIATES;
MONTESANO HARBOR ANNEX CO.; NORTHWOOD SQUARE ASSOCIATES;
OLYMPIAN ASSOCIATES; PATRICIA HARRIS MANOR ASSOCIATES;
PINE GARDEN PROPERTIES; SKAGIT VILLAGE ASSOCIATES;
SOUTHHILL ASSOCIATES; SOUTHWOOD SQUARE ASSOCIATES; TACOMA
PARTNERSHIP; MARIANNE UCHIMURA; MINORU UCHIMURA; VASHON
TERRACE ASSOCIATES; WENATCHEE HOUSE ASSOCIATES; WILBUR
MANOR ASSOCIATES, Plaintiff-Intervenor-Appellants.
v.
UNITED STATES OF AMERICA, Acting Through the Department of
Housing and Urban Development, Defendant-Appellee.
 No. 95-35929.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1996.
Decided Sept. 8, 1997.
 
 Appeal from the United States District Court for the Western District of Washington Barbara J. Rothstein, Magistrate Judge, Presiding. Argued and Submitted August 9, 1996 Seattle, Washington
 Before: ALARCN, NORRIS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bellevue argues that the district court did not have the power to vacate a final declaratory judgment and that res judicata applies to protect the judgment. We need not decide whether that is so, because, as the government concedes, the district court did not vacate the declaratory judgment.
 
 
 3
 Bellevue argues that the district court erred in vacating the permanent injunction. The only reason the district court gave for vacating the injunction was that "it is no longer equitable to maintain prospective injunctive relief in place when the substantive law on which the relief was based has been disapproved by the highest court in a very similar case involving virtually the same contract provisions." We understand the reference to the equities to mean only that the law on which the injunction had been based had changed.
 
 
 4
 The district court was correct that the law had changed. But under our prior decisions, a change in the law is not sufficient reason to vacate a permanent injunction incorporated in a final judgment. "[A] change in the applicable law after judgment has become final in all respects is not a sufficient basis for vacating a judgment." Clifton v. Attorney General of the State of California, 997 F.2d 660, 665 (9th Cir.1993) (quoting Tomlin v. McDaniel, 865 F.2d 209, 210 (9th Cir.1989)).
 
 
 5
 Federal Rule of Civil Procedure 60(b)(5) permits relief when "a prior judgment upon which [the judgment to be vacated] has been reversed or otherwise vacated" itself, but this applies only to a prior judgment with preclusive effect on the judgment at issue, not a prior judgment which was merely a precedent upon which the judgment at issue was based. Tomlin, 865 F.2d at 211. Cisneros v. Alpine Ridge Group, 508 U.S. 10 (1993) disapproved of our decision in Rainier View Associates v. United States, 848 F.2d 988 (9th Cir.1988). The disapproved case was precedent pursuant to which the injunction had been issued, but not res judicata.
 
 
 6
 In Transgo, Inc. v. Alac Transmission Parts Corp., 911 F.2d 363, 365 (1990), we said that a litigant seeking to modify an injunction would have to show: (1) "a substantial change in circumstances or law" since the order was entered; (2) "extreme and unexpected hardship in compliance with the injunction['s] terms"; and (3) "a good reason why [the court] should modify the permanent injunction[ ]." 911 F.2d at 365; see also SEC v. Worthen, 98 F.3d 482 (9th Cir.1996). The district court's order speaks only to the first of these criteria, as did the government's motion.
 
 
 7
 It is unclear whether Transgo would be modified, respecting the case at bar, by Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367 (1992), which holds that changed circumstances of fact or law alone can justify modifying an institutional reform consent decree under Rule 60(b)(5). Applicability of Rufo would depend on several factors as yet undeveloped: (1) whether Rufo modifies the standard only for injunctions or consent decrees pursuant to which a federal district court exercises authority over public institutions, or for all injunctions; (2) whether the subject matter of the injunction in the case at bar is more like an injunction affecting a public institution or more like an injunction affecting purely private relationships; (3) whether there are any circumstances other than the change of law affecting the injunction in the case at bar. Because these have as yet not been considered in the district court, we remand so that they can be considered.
 
 
 8
 As to the first factor, the current state of the law is uncertain, so further factual development should assist in avoiding an overbroad interpretation. Rufo emphasized that the particularities of institutional reform litigation required "a more flexible approach" when considering proposed modifications to a consent decree. Id. at 381; see also Hook v. Arizona, --- F.3d ----, ----, 1997 WL 402331 at * 3 (9th Cir. Jul. 17, 1997) (apparently applying Rufo standard in holding that changed factual circumstances not sufficient to warrant modification of prison reform consent decree); Toussaint v. McCarthy, 801 F.2d 1080, 1090 (9th Cir.1986) (differentiating a structural injunction in prison reform litigation, "which involves the ongoing application of changing law to changing circumstances," from "ordinary litigation, in holding that a change in law may require modification of an injunction). More recently, the Supreme Court applied the Rufo standard to vacate an injunction against a New York City program offering Title I educational services by public school teachers on parochial school campuses, on the ground that the injunction was based on Establishment Clause principles now understood to have been incorrect. Agostini v. Felton, 117 S.Ct. 1997 (1997). Findings of fact that would assist in classifying this case as more like institutional reform cases or more like purely private cases would be helpful.
 
 
 9
 As to the third factor, we are not sure whether the district court meant to preclude relief based on the declaratory judgment. If a damages remedy, though not equitable relief, remains available to appellants, that may affect the equities.
 
 
 10
 Also, findings by the district court regarding the equitable factors mentioned in Transgo might obviate the need to decide whether Rufo affects Transgo in this case. Worthen left open the question of how Rufo affects Transgo. Worthen, 98 F.3d at 482. Cf. Clifton v. Attorney General of the State of California, 997 F.2d 660, 665 (9th Cir.1993). If there are no equities on the government's side other than the change of law, then we have to confront the question whether Transgo is still good law and applies to this case. But if there are substantial equities supporting the government's position in addition to the change of law, then we may not need to decide those two questions, because the case would come out the same with or without Transgo. Thus findings on what if any additional equities may support vacating the injunction would be valuable.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3