124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 OCEANIC BOATWORKS COMPANY, INC., Plaintiff,
and
David POWELL, Plaintiff-Appellant,
v.
M/V ALASKAN EIGHT, f/k/a EXPRESS, Official Number 273771 her
engines, tackle, equipment and appurtenances, In Rem;
ALASKAN EIGHT STAR ENTERPRISES; ALASKAN PACIFIC STAR, INC.;
CURTIS ALDRICH, aka Chuck Aldrich; CARIBBEAN SEAFOOD
CORPORATION, Defendants-Appellees.
 
 No. 96-36096.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Filed Sept. 12, 1997.
 Appeal from the United States District Court for the Western District of Washington Walter T. McGovern, District Judge, Presiding
 Before: HALL, BRUNETTI and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Powell appeals the district court's denial of his motion under Federal Rules of Civil Procedure 60(b)(5) for an order allowing issuance of a writ of execution and for relief from part of a finding of fact entered in conjunction with a judgment for damages in his favor. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Powell contends that the district court abused its discretion in denying his Rule 60(b)(5) motion because Finding of Fact No. 10, which precluded him from pursuing his action against dissolved corporate defendant Alaskan Pacific Star, was no longer equitable in that it would permit Alaskan Pacific Star's indemnity insurer to evade accountability and would leave Powell with no prospect of being made whole for his injury. Powell also contends that the district court erred in interpreting Washington corporations law as precluding a judgment creditor from pursuing collection against a dissolved corporation. These contentions lack merit.
 
 
 4
 Under Rule 60(b)(5), a court may relieve a party from a final judgment if "it is no longer equitable that the judgment should have prospective application." See Fed.R. Civ. P. 60(b)(5). At the time the findings of fact and conclusions of law were signed, and at the time the judgment was entered, Powell knew that Alaskan Pacific Star was a dissolved corporation and that the individual defendant could not be located. Powell does not contend that there were any changed circumstances, or that the law changed, between the time the judgment was entered and the time, eight months later, when Powell brought his Rule 60(b)(5) motion. See Securities and Exchange Comm. v. Worthen, 98 F.3d 480, 482 (9th Cir.1996) (showing of changed circumstances required for modification of injunction under Rule 60(b)(5)); Transao. Inc. v. gAlac Transmission Parts Corp., 911 F.2d 363, 365 (9th Cir.1995) (substantial change in circumstances or law required). Further, legal error by itself does not warrant the application of Rule 60(b). See Plotkin v. Pacific Telephone and Telegraph Co., 688 F.2d 1291, 1293 (9th Cir.1982). Accordingly, there was no basis for relief on equitable grounds pursuant to Rule 60(b)(5), and the district court was within its discretion in denying the motion. Worthen, 98 F.3d at 482.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3