Sherman C. SMITH, Plaintiff–Appellant,

v.

UNITED STATES of America; U.S. Department of Agriculture; Dan Glickman; United States Forest Service; Mike Dombeck; Rick D. Cables; Dave Gibbons; Duane Harp, Defendants–Appellees.

No. 00–35697.

D.C. No. CV–99–00445–a–HRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2001.

Decided Aug. 31, 2001.

Before SCHROEDER, Chief Judge, T.G. NELSON and SILVERMAN, Circuit Judges.

MEMORANDUM *

Sherman "Red" Smith appeals the district court's summary judgment in favor of defendants in Smith's action against the Forest Service and related parties, challenging the denial of his proposed plan of operations to develop an unpatented mining claim in the Chugach National Forest. The district court held that the Forest Service properly denied Smith's plan because the travertine Smith seeks to mine is a common variety mineral under 36 C.F.R. § 228.41, and rejected Smith's contention that § 228.41 is invalid. The district court also declined to modify a 1992 injunction prohibiting Smith from engaging in mining activities on the same mineral deposit of travertine. We affirm.

The government correctly acknowledges that this case is not rendered moot by Smith's abandonment of his prior mining claim underlying the plan of operations at issue, because Smith has located and

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

registered a new mining claim on the same site. *See West v. Secretary of the Dept. of Transportation,* 206 F.3d 920, 924–25 (9th Cir.2000).

▌ At oral argument, Smith urged that 30 U.S.C. § 601, interpreted in light of the legislative history, should apply only to minerals used as building materials. The legislative history was described in Smith's opening brief, and, while the argument was briefly noted in the reply, Smith did not offer such an interpretation of the statute in the argument portion of his opening brief. This issue is therefore not properly before us. *See Barnett v. U.S. Air, Inc.,* 228 F.3d 1105, 1111 n. 1 (9th Cir.2000) (en banc), *cert. granted on another issue,* —— U.S. ——, 121 S.Ct. 1600, 149 L.Ed.2d 467 (April 16, 2001). It also appears that the Senate Committee Report cited by Smith identified building stone as only one of several illustrative categories of mineral materials subject to disposal under the Common Varieties Act. *See* S.Rep. No. 84–554, 84th Cong., 1st Sess. 2 (1955); *see also United States v. Coleman,* 390 U.S. 599, 604–05, 88 S.Ct. 1327, 20 L.Ed.2d 170 (1968).

▌ Smith next challenges the validity of the Department of Agriculture's regulations defining common variety mineral materials to include limestone used as an agricultural soil amendment. *See* 36 C.F.R. § 228.41(c). Smith has not offered scientific or geologic evidence that the travertine he wants to mine is valuable. Instead, he principally relies upon the Forest Service's 1988 stipulation, entered into during his prior litigation and before the Secretary of Agriculture promulgated the relevant regulation. Because of this intervening change in the law, however, the government cannot be bound by the earlier stipulation as the controlling interpretation of current law. *See Artukovic v. INS,* 693 F.2d 894, 898 (9th Cir.1982) (stating that relitigation of an issue in a subsequent action between the same parties "is generally not precluded when there has been an intervening change in the governing law"); *United States v. Cutler,* 676 F.2d 1245, 1248 (9th Cir.1982) (relieving a criminal defendant of a stipulation due to an intervening change in the law); Restatement (Second) of Judgments § 28(2).

Smith also contends that, when we issued our decision in the earlier litigation, this court definitively ruled that this particular travertine deposit is valuable. The ruling in that case was not a determination on the merits of whether this travertine was valuable or not. We merely enforced the Forest Service's stipulation that was entered into in the earlier litigation and before the new regulations were promulgated. *See United States v. Smith,* No. 93–35084, 1996 WL 267325 at *1–5 (9th Cir. May 20, 1996) (unpublished memorandum disposition).

In the absence of evidence to the contrary, the district court properly held that the regulation is valid.

Finally, Smith argues that the scope of the injunction should be modified, claiming that its terms are subject to misinterpretation. The record not only fails to show any misinterpretation of the order on the part of the agency, but indicates that it has been appropriately administered. On the basis of the record before us, we must conclude that the district court did not abuse its discretion in refusing to modify its order. *See Sharp v. Weston,* 233 F.3d 1166, 1169–70, 1172 (9th Cir.2000); *SEC v. Worthen,* 98 F.3d 480, 482 (9th Cir.1996) (reviewing district court's denial of a motion for relief from an existing injunction for abuse of discretion).

**AFFIRMED.**