EMILY Q, by her friend & Guardian Ad Litem Kay R also known as Seal 1; Carl G, by his grandmother & guardian Shirley N also known as The State of California; Andrew O, by his father & Guardian Ad Litem Frank O also known as Trevor R. Baylor; Jim N, by his mother & conservator Judy F also known as Seal 4; Angela C, by her mother & Guardian Ad Litem Elizabeth P also known as Seal 5; Brian C, by his Guardian Ad Litem Dolly D also known as Seal 7; Greg S, by his Guardian Ad Litem Robert K also known as Seal 8; Janice C, also known as Seal 9; Does 1 Thru 17, also known as Seal 10, Plaintiffs–Appellees,

v.

Sandra SHREWY, Director, California Department of Health Services, sued in her official capacity, Defendant–Appellant.

Emily Q, by her friend & Guardian Ad Litem Kay R also known as Seal 1; Carl G, by his grandmother & guardian Shirley N also known as The State of California; Andrew O, by his father & Guardian Ad Litem Frank O also known as Trevor R. Baylor; Jim N, by his mother & conservator Judy F also known as Seal 4; Angela C, by her mother & Guardian Ad Litem Elizabeth P also known as Seal 5; Brian C, by his Guardian Ad Litem Dolly D also known as Seal 7; Greg S, by his Guardian Ad Litem Robert K also known as Seal 8; Janice C, also known as Seal 9; Does 1 Thru 17, also known as Seal 10, Plaintiffs–Appellees,

v.

**Sandra Shrewy, Director, California Department of Health Services, sued in her official capacity, Defendant–Appellant.**

Nos. 06–55339, 06–55489.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 2006.

Filed Oct. 2, 2006.

Robert D. Newman, Esq., Western Center on Law & Poverty, Melinda R. Bird, Protection & Advocacy, Los Angeles, CA, for Plaintiffs–Appellees.

G. Mateo Munoz, Esq., Department of Justice State of California, Sacramento, CA, for Defendant–Appellant.

Before: KOZINSKI, O'SCANNLAIN and BYBEE, Circuit Judges.

MEMORANDUM *

A party who moves under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment on the basis of "a significant change in facts or law" must show that continued enforcement of the judgment is inequitable. *Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 383, 393, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992). Given that defendant stipulated to the amended judgment in this case and then waited almost four years after *Gonzaga University v. Doe,* 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002), before requesting relief under Rule 60(b), the dis-

trict court did not abuse its discretion in denying the motion. *See SEC v. Worthen,* 98 F.3d 480, 482 (9th Cir.1996).

In order to overturn the district court's determination that defendant was not entitled to relief from the judgment because defendant had substantially complied with it, we must find that the district judge's findings were clearly erroneous. *See Coal. for Econ. Equity v. Wilson,* 122 F.3d 692, 701 (9th Cir.1997). Based on the record before us, we cannot so conclude.

Our "[d]eference to the district court's use of discretion [to fashion remedies] is heightened where the court has been overseeing complex institutional reform litigation for a long period of time." *Jeff D. v. Kempthorne,* 365 F.3d 844, 850 (9th Cir. 2004). The focused reviews ordered by the district judge in this case seem reasonably calculated to ensure compliance with the judgement. The district judge did not abuse his discretion in ordering these reviews.

Finally, the district court did not deny defendant the chance to file written objections to the special master's report. Even though the judge did not entertain objections at the October 21, 2005, status conference, defendant could have filed written objections under Federal Rule of Civil Procedure 53(g)(2), but failed to do so.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.