No. 19,285.

JOSEPH HASKELL, ETC. *v.* BARNEY GROSS, ETC.
(358 P. [2d] 1024)

Decided January 30, 1961.

Mr. LOUIS G. ISAACSON, for plaintiff in error.

Mr. LESLIE A. GROSS, Messrs. CREAMER AND CREAMER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

ELECTRICAL PRODUCTS CONSOLIDATED, assignor of plaintiff in error, commenced an action against defendant in error, hereinafter referred to as defendant, on August 17, 1940. Defendant filed motions which were withdrawn and he was given twenty days within which to file an answer. The record shows an order extending the time for filing an answer to January 23, 1941. No answer ever was filed and on June 30, 1942, a default was entered against defendant and judgment awarded plaintiff in the sum of $650.00 and costs. Execution issued on the judgment, but no return thereof appears of record.

Shortly prior to July 13, 1959, a new execution was issued on the judgment, which in the meantime had been assigned to plaintiff in error. On the date last mentioned defendant filed a petition to vacate the judgment on the ground that no notice of application for default was given to him as required by Rule 55 (b) (2), R.C.P. Colo., the pertinent provisions of which read as follows:

" * * * If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. * * * "

In so far as the record of the district court is concerned nothing appears to indicate that a notice was, or was not, served pursuant to the requirement of the rule, and no

evidence with respect thereto was offered in the trial court. At the conclusion of the hearing the motion to vacate the judgment was sustained by the trial court. Plaintiff in error elected to stand on the record as made, and on August 24, 1959, judgment was entered for defendant. The case is here on writ of error to review that judgment.

Question to be Determined.

*In an action filed in the district court where defendant enters a general appearance and subsequently fails to file an answer within the time ordered and default and judgment in favor of the plaintiff is entered; where the record is silent as to whether three-day notice of application for default, required by Rule 55 (b) (2), was served; and the trial court, after a lapse of seventeen years from entry of judgment, sets it aside upon the application of the defendant without evidence or showing of justification for delay in moving to vacate such judgment; is the assignee of plaintiff entitled to have original judgment reinstated?*

The question is answered in the affirmative. At the time the original judgment was entered the trial court had jurisdiction over the parties to the action and of the subject matter.

It was incumbent upon the court to give effect to the presumption that the legal prerequisites to the entry of a valid judgment had been duly observed. As was said in *Guthner v. Union Co.,* 110 Colo. 449, 135 P. (2d) 237:

"It has always been the law in this state that in the absence of anything in the record to the contrary, the appellate court will presume that the facts necessary to warrant the judgment were proved or admitted."

See *Kavanagh v. Hamilton,* 53 Colo. 157, 125 Pac. 512.

The presumption of validity of a judgment entered by a court which admittedly had jurisdiction of the parties and of the subject matter of the action, carries with it the presumption that notices required by rule to be given in connection with the entry of judgment by

default were complied with. The burden is upon the party seeking to vacate a judgment to overcome the presumption of validity. This is not accomplished by presenting a record which fails to show that such notice was served.

There is no requirement that evidence of service of a notice of the kind here pertinent shall affirmatively appear from the record of the trial court. Thus the fact that the record in the instant case is silent as to service of the three-day notice of default, does not overcome the presumption of legality of the judgment. The defendant did not, as a matter of law, meet the burden of proof resting upon him. The judgment was not void, but voidable only, and even though the defendant had moved in apt time and was otherwise entitled to relief, the showing made was wholly inadequate. The trial court erred in vacating the judgment.

In addition to the above there is another reason why the trial court erred in setting aside the original judgment. Rule 60 (b), R.C.P. Colo., describes the procedure and reasons by and for which judgments may be vacated. In pertinent part the rule reads as follows:

" * * * or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time * * *."

The right of the defendant to move for a vacation of the judgment rests upon the above-quoted provision of the rule. He knew he had been sued and knew the purpose of the suit was to recover judgment against him. Yet for a period of more than seventeen years he took no action to vacate or otherwise attack its validity. It can hardly be said that under such circumstances seventeen years is a reasonable time.

For the reasons above stated the judgment is reversed and the cause remanded with directions to reinstate the judgment in favor of plaintiff.

Mr. Justice Sutton and Mr. Justice Frantz concur.