The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
January 24, 2019

**2019COA12**

**No. 17CA2254, *Tallman v. Aune* — Civil Procedure — Relief
From Judgment or Order — Judgment is Void; Creditors and
Debtors — Judgments — Presumption of Regularity; Courts and
Court Procedure — Lost or Destroyed Records**

A division of the court of appeals considers whether the

district court erred in vacating a default judgment under C.R.C.P.

60(b)(3) for lack of personal service, where the judgment was twenty

years old, the district court's case file had been destroyed, and the

return of service was not available.  The division concludes that the

presumption of regularity applied to the default judgment and the

defendant had the burden to overcome the presumption that the

default judgment was entered with jurisdiction.  The district court,

therefore, erred in placing the burden on the plaintiff to prove valid

service.

The division further concludes that the defendant did not present any affirmative evidence to overcome the presumption of regularity or to show by clear and convincing evidence that the default judgment was void. Accordingly, the division reverses the district court's order vacating the default judgment and remands the case to the district court to reinstate the default judgment.

The division also concludes that the plaintiff's request to revive the default judgment is not moot. On remand, the district court shall consider the request to revive the default judgment.

COLORADO COURT OF APPEALS                                    **2019COA12**

Court of Appeals No. 17CA2254
Jefferson County District Court No. 96CV1028
Honorable Randall C. Arp, Judge

Michael Eugene Tallman,

Plaintiff-Appellant,

v.

Richard Aune,

Defendant-Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE DUNN
Martinez* and Márquez*, JJ., concur

Announced January 24, 2019

Miller Steiert, P.C., Christopher J. Forrest, Stephen J. Woolsey, Littleton,
Colorado, for Plaintiff-Appellant

The Law Office of Ahson Wali LLC, Ahson B. Wali, Greenwood Village,
Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2018.

¶ 1   Michael Eugene Tallman obtained a default judgment in 1996 against Richard Aune.  Twenty years after the judgment entered, and after the court file had been destroyed, the district court granted Mr. Aune's motion to vacate the default judgment under C.R.C.P. 60(b)(3), finding that Mr. Tallman "failed to establish by clear and convincing evidence that [Mr. Aune] was ever properly served in this case."  Mr. Tallman asks us to reverse that ruling because, in his view, (1) the district court erred in declining to apply the presumption of regularity to the default judgment and presume it was entered with jurisdiction and (2) Mr. Aune's unsworn statements in his motion to vacate the default judgment were not sufficient to overcome the presumption of regularity or meet his threshold burden to establish that the default judgment was void.

¶ 2   Because we agree with Mr. Tallman, we reverse the district court's judgment and remand the case for reinstatement of the default judgment.

## I.   Background

### A.   The Court Record

¶ 3   This case comes to us under unusual circumstances.  Though asked to consider whether the district court erred in vacating Mr.

1

Tallman's default judgment obtained nearly two decades ago, we are limited by the district court's destruction of the case file under its records retention policy (nearly fifteen years after the default judgment entered). Only the register of actions survived the purge, reflecting what was filed and when. Nothing in the register indicated that the parties were notified about the records retention policy or the destruction of the case file.

¶ 4    While the original court pleadings were destroyed, Mr. Tallman possessed copies of two pleadings that his attorney had, at some point, provided him: (1) the September 1996 "verified motion for entry of default" (default motion) and (2) the district court's December 1996 "judgment and order" entering default judgment against Mr. Aune (1996 default judgment). Given the destruction of the case file, Mr. Tallman filed a verified motion for new order or record under section 13-1-104, C.R.S. 2018, asking the court to enter the two pleadings in "the record with the same effect which the original record would have had if [the pleadings] had not been lost or destroyed." Mr. Aune did not dispute that the two pleadings in Mr. Tallman's possession were true and accurate. The district

2

court granted the motion, making these pleadings part of the record.

¶ 5     We therefore take the facts and procedural history from the register of actions and the limited replaced portions of the district court's record.

## B.     The 1996 Default Judgment

¶ 6     Those records show that Mr. Tallman filed a complaint against Mr. Aune in 1996.  Mr. Aune did not file an answer or otherwise respond to the complaint.  Mr. Tallman then filed the default motion under C.R.C.P. 55.  As relevant here, the motion stated that

- Mr. Tallman filed his complaint on May 23, 1996;

- "a copy of the [c]omplaint and [s]ummons was served upon [Mr. Aune] in Honolulu, Hawaii, on July 16, 1996, a copy of which [was] filed with this Court, (See copy of [s]ummons and [a]ffidavit attached hereto as Exhibits 1 and 2, respectively)";[1]

---

[1] The referenced exhibits were not attached to the copy of the default motion that Mr. Tallman retained and the court entered as part of the recreated record.

- more than thirty days had passed since "personal service"; and

- Mr. Aune had not answered or responded.

¶ 7     The default motion was verified via Mr. Tallman's counsel's sworn and notarized statement that the information was "true to the best of [his] knowledge, information and belief."

¶ 8     The surviving register of actions showed several entries consistent with the default motion, including a complaint filed on May 23, 1996, "SVC" on July 16, 1996, and "[s]ummons" on August 2, 1996.  The register of actions also reflected that the clerk of court entered default in October 1996.

¶ 9     The district court later granted Mr. Tallman's verified motion for default judgment.  In the 1996 default judgment, the court made the following relevant factual findings:

- The complaint was filed on May 23, 1996.

- "Service was effectuated on [Mr. Aune] on July 16, 1996."

- A responsive pleading "should have been filed" no later than August 15, 1996.

- Mr. Tallman had "complied with all applicable rules for entry of default judgment."

4

- Mr. Tallman was entitled to judgment in the amount of $91,574.45.

- And Mr. Tallman was "entitled to execute upon this judgment in accordance with law."

¶ 10    The 1996 default judgment was signed by District Court Judge Kenneth Barnhill and dated December 11, 1996. It was entered in the register of actions on that date.

### C.    Garnishment and Motion to Vacate

¶ 11    Beyond a 2011 notation that the case file was "[d]estroyed," the register of actions reflected no activity until 2016 when Mr. Tallman filed writs of garnishment, seeking to enforce the 1996 default judgment. The writs issued, and Mr. Tallman served them on several banks.

¶ 12    Shortly after, Mr. Aune filed what he captioned a "verified motion to vacate default judgment and quash writ of garnishment" (motion to vacate). In this motion, Mr. Aune asserted that (1) he was not previously "aware that he had been sued or that a judgment had been entered against him"; (2) Mr. Tallman "could not provide a copy of the [a]ffidavit of [s]ervice"; and (3) he "would have defended this matter had he been properly served." Mr. Aune then

asserted, in conclusion, that he "was never served in this case" and "a default judgment obtained without service of process" is void. He therefore asked the district court "to vacate the [1996 default judgment] and quash all writs of garnishment."

¶ 13     In response, Mr. Tallman admitted that he could not produce the affidavit of service but argued that he properly served Mr. Aune and complied with the rules for entry of default judgment. As evidence that he did, Mr. Tallman attached the default motion, the 1996 default judgment, and email exchanges with the court regarding the destruction of the case file. He also pointed to the register of actions entry, noting "SVC on 7-16-96." And Mr. Tallman argued that Mr. Aune "failed to present any proof that he was not served or that the judgment [was] void" and had not satisfied his burden to establish by clear and convincing evidence that the 1996 default judgment should be vacated.

¶ 14     Mr. Tallman later filed an affidavit from the attorney who obtained the 1996 default judgment. That affidavit stated that "he was the attorney of record in this matter in 1996" and that he "understand[s] and [was] informed that service on [Mr. Aune] in this case was effectuated in Hawaii." Counsel also stated he

6

"specifically recall[ed] looking into the issue of service of process in Hawaii" and he only handled one case that required service there.

¶ 15     The district court granted Mr. Aune's motion to vacate. In doing so, it found that Mr. Tallman "failed to produce" the affidavit of service and, without the affidavit of service, nothing showed "the essential facts to demonstrate adequacy of service." Accordingly, the court concluded that Mr. Aune had "met [his] burden." It then shifted the burden to Mr. Tallman and concluded that he had not established that Mr. Aune was properly served.

### D.     The Motion to Reconsider

¶ 16     Mr. Tallman moved the court to reconsider, arguing that the presumption of regularity must apply. He specifically contended that the court must presume that the 1996 default judgment was properly entered and that Mr. Aune was properly served — a requirement for entry of a default judgment. He further argued that Mr. Aune's unsworn statements did "not affirmatively show that service did not occur, nor [did they] overcome the presumption of regularity."

¶ 17     The district court rejected the argument, noting that Mr. Tallman "cited no authority indicating that the presumption ha[d]

7

been applied to a [district] court's review of its own record in Colorado." The court added that even if the presumption of regularity does apply to a district court, it is "not the standard by which to judge [Mr. Aune's motion to vacate]."

¶ 18    The district court later dismissed the case.

## II.    Vacating the 1996 Default Judgment

¶ 19    Mr. Tallman contends that the district court erred in vacating the 1996 default judgment. More to the point, he argues that the district court should have applied the presumption of regularity to presume the 1996 default judgment was entered with jurisdiction.

## A.    Standard of Review

¶ 20    We review de novo a district court's order granting relief from a default judgment under C.R.C.P. 60(b)(3). *Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 314 (Colo. 2010).

¶ 21    Mr. Aune, however, argues that because Mr. Tallman didn't raise the presumption of regularity until the motion for reconsideration, we should review only for an abuse of discretion.[2] *See Hytken v. Wake*, 68 P.3d 508, 512 (Colo. App. 2002). While Mr.

---

[2] Mr. Aune raises no preservation challenge.

Aune is correct on the timing, the district court considered the argument and concluded the presumption of regularity didn't apply. And whether the district court applied the correct legal standard is a question of law that we review de novo. *Wal-Mart Stores, Inc. v. Crossgrove,* 2012 CO 31, ¶ 7. In any event, a district court abuses its discretion if it applies the wrong legal standard. *Id.*

### B. Requirements for Default Judgment

¶ 22    When a defendant fails to defend against a civil lawsuit, the plaintiff may request "a judgment by default." C.R.C.P. 55(b).[3] To obtain one, the plaintiff must provide the court with the following:

- "[t]he original summons showing valid service on the particular defendant in accordance with [C.R.C.P.] 4";

- an affidavit stating the facts necessary to show proper venue;

- an affidavit establishing that the defendant is not an infant, an incompetent person, an officer or agency of Colorado, or in the military service; and

---

[3] The requirements for entry of default judgment have not materially changed since 1996.

- an affidavit or exhibit establishing the amount of damages.

C.R.C.P. 121, § 1-14(1); *see also Crow-Watson No. 8 v. Miranda*, 736 P.2d 1260, 1261 (Colo. App. 1986) ("C.R.C.P. 121 § 1–14 . . . specifies what documents, affidavits, and other information must be provided to the court before default judgment is entered.").

¶ 23　　What remains of the record confirms that Judge Barnhill found that Mr. Tallman complied with these procedural requirements.

### C.　C.R.C.P. 60(b)(3)

¶ 24　　To set aside a default judgment, the defendant "bears the burden of establishing by clear and convincing evidence that the motion should be granted." *Goodman*, 222 P.3d at 315; *see also Borer v. Lewis*, 91 P.3d 375, 380-81 (Colo. 2004) (same). And while a default judgment entered without jurisdiction is void, the "burden of proof remains upon the defendant to establish lack of personal jurisdiction resulting in a void judgment under C.R.C.P. 60(b)(3)." *Goodman*, 222 P.3d at 315. But *Goodman* recognizes an exception to this general rule in those cases where "the return of service insufficiently recites the essential facts to demonstrate adequacy of

10

service." *Id.* In such a case, *Goodman* instructs that the burden "may" shift back to the plaintiff. *Id.*

### D. The *Goodman* Exception

¶ 25     Mr. Tallman contends that the district erred in concluding that his inability to produce the return of service, along with Mr. Aune's claim that he was "never served," shifted the burden to Mr. Tallman to prove service under the *Goodman* exception. Under the circumstances here, we agree.

¶ 26     The district court specifically concluded that "[b]ecause the affidavit [of service] does not exist, it cannot state 'the essential facts to demonstrate adequacy of service,'" and thus it shifted the burden to Mr. Tallman to prove service. *Goodman*, however, didn't address a situation where the default judgment and register of actions showed the defendant was served but the court file was destroyed, leaving no return of service to review. Rather, the *Goodman* exception says only that a court may shift the burden back to the plaintiff when a "return of service" insufficiently recites facts demonstrating adequate service. *Id.* This exception, therefore, presupposes the return is available in the record and the dispute is over the sufficiency of the return's contents. *See id.* at 316

11

(declining to consider whether the burden shifted to the plaintiff where the service affidavit was in the record and the record demonstrated adequate service); *cf. In re Marriage of Thacker*, 701 P.2d 871, 872 (Colo. App. 1985) (setting aside marriage dissolution decree where the record showed that the return of service named a person other than defendant).  Such an exception is not surprising given that a "[r]eturn of service is prima facie evidence of the facts recited."  *Stegall v. Stegall*, 756 P.2d 384, 385 (Colo. App. 1987).

¶ 27    The return of service recitals' sufficiency — or the lack thereof — is not the dispute here.  Because the return of service is not available, Mr. Aune can't point to any insufficient factual recital in the return.  For the same reason, we can't consider the sufficiency of the return's factual recitals.  We therefore don't agree that *Goodman*'s burden-shifting exception applies here.

¶ 28    Instead, when the register of actions, the limited record, and the 1996 default judgment show service was effectuated, but the return of service is no longer available, the presumption of regularity applies.

## E. Presumption of Regularity

¶ 29 The presumption of regularity generally presumes that a judgment is valid and was properly entered. *See LePage v. People*, 2014 CO 13, ¶ 15; *see also Cook v. Cook*, 342 U.S. 126, 128 (1951) (recognizing that the court presumes a sister state's judgment was entered with "jurisdiction over the subject matter and over the persons"). This presumption is "deeply rooted in our jurisprudence." *Parke v. Raley*, 506 U.S. 20, 29 (1992). And Colorado has long recognized it. *See Haskell v. Gross*, 145 Colo. 365, 367, 358 P.2d 1024, 1026 (1961); *Kavanagh v. Hamilton*, 53 Colo. 157, 165, 125 P. 512, 516 (1912).

¶ 30 Indeed, "[t]here is no principle of law better settled, than that every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears[.]" *Voorhees v. Jackson*, 35 U.S. 449, 472 (1836); *see also Haskell*, 145 Colo. at 367, 358 P.2d at 1026. "[T]his rule applies . . . to every judgment or decree, rendered in the various stages of their proceedings from the initiation to their completion[.]" *Voorhees*, 35 U.S. at 472; *see Guthner v. Union Fin. & Loan Co.*, 110 Colo. 449, 452-53, 135 P.2d

237, 239 (1943) (presuming the validity of the trial court's findings made in support of its order).

¶ 31 Mr. Aune argues the presumption of regularity doesn't apply because he "never claimed" Judge Barnhill "committed error." Instead, he "merely" alleged that Mr. Tallman "did not properly serve" him.

¶ 32 We are unconvinced for two reasons. First, while true Mr. Aune challenged service of process, the necessary corollary to that argument is that Judge Barnhill erred in finding that (1) "service was effectuated on" Mr. Aune and (2) Mr. Tallman "complied with all applicable rules" to obtain the 1996 default judgment (one of which required him to provide the original summons showing "valid service" "in accordance" with the service rules). C.R.C.P. 121, § 1-14(1)(a). Thus, a motion to vacate a default judgment based on lack of service of process is, by extension, a contention that the district court erred in entering default judgment based on a finding of valid service.

¶ 33 But, even if we agree that Mr. Aune "never claimed" Judge Barnhill "committed error," the result is no different. If true, then Mr. Aune concedes that Judge Barnhill correctly found that "service

14

was effectuated on" Mr. Aune and that Mr. Tallman "complied with all applicable rules" to obtain the 1996 default judgment. And if correct, these findings again refute Mr. Aune's claim that he was not served.

¶ 34     Second, our supreme court applied the presumption of regularity to a somewhat similar contention in *Haskell*. There, the defendant failed to answer the plaintiff's complaint after initially appearing in the case. *Haskell*, 145 Colo. at 366, 358 P.2d at 1025. As a result, the court entered default judgment. *Id.* The defendant then moved to vacate the default judgment, arguing that he had not been served with the required notice before the court entered the default judgment. *Id.*; *see also* C.R.C.P. 55(b) (requiring the application for a default judgment to be served on a defendant who has appeared in the action). Because neither the record nor evidence before the district court showed whether the notice had been served, the district court vacated the default judgment. *Haskell*, 145 Colo. at 366-67, 358 P.2d at 1025.

¶ 35     Our supreme court reversed, reinstating the default judgment. *Id.* at 367-68, 358 P.2d at 1026. The court explained that "[i]t was incumbent upon the [district] court to give effect to the presumption

15

that the legal prerequisites to the entry of a valid judgment had been duly observed." *Id.* at 367, 358 P.2d at 1026. It went on to explain that "[i]t has always been the law in this state that in the absence of anything in the record to the contrary, the [reviewing] court will presume that the facts necessary to warrant the judgment were proved or admitted." *Id.* (citation omitted). The supreme court therefore concluded that the default judgment was entitled to a presumption of regularity. *Id.* at 367-68, 358 P.2d at 1026.

¶ 36    To the extent Mr. Aune argues that the presumption of regularity may be applied only by appellate courts and not the district court, we are not persuaded that the presumption is so limited. After all, *Haskell* itself suggested that the district court erred in not applying the presumption to its own default judgment. *Id.*; *see also United States v. Manos*, 56 F.R.D. 655, 661 (S.D. Ohio 1972) (federal district court recognized that a default judgment entered in that court was "presumptively valid" when considering a motion to vacate the default judgment).

¶ 37    Nor do we agree with Mr. Aune's suggestion that the destruction of the case file doesn't matter. Indeed, given its premise that a court observes the legal requirements necessary to enter a

16

valid judgment, the presumption of regularity is particularly apt where, as here, the court file is silent or has been lost or destroyed. *See LePage*, ¶ 15; *see also Haskell*, 145 Colo. at 367-68, 358 P.2d at 1025-26 (applying the presumption of regularity where the "record [was] silent" as to whether a hearing notice was filed before entry of a judgment).

¶ 38 The Ninth Circuit Court of Appeals took this approach in *Securities & Exchange Commission v. Worthen*, 98 F.3d 480 (9th Cir. 1996). In that case, the district court entered default judgment after the defendant failed to respond to the complaint. *Id.* at 481. The court's file was later lost, and "only the docket sheet documenting [the court] filings and orders [was] . . . available." *Id.*

¶ 39 The defendant moved to vacate the default judgment under Fed. R. Civ. P. 60(b), arguing, in part, that the judgment was void for lack of service. *Id.* at 481, 483. The district court denied the motion, and the Ninth Circuit affirmed. *Id.* In rejecting the defendant's argument, the Ninth Circuit applied the presumption of regularity to the default judgment. *Id.* at 483-84. It concluded that although the return of service in the court file had been lost, the docket sheet showed that the return of service had been filed in the

17

district court and this, together with the presumption of regularity, showed the judgment was not void. *Id.*; *see also Choctaw & Chickasaw Nations v. City of Atoka*, 207 F.2d 763, 766 (10th Cir. 1953) (noting that where a party challenged a judgment for lack of jurisdiction and a fire had destroyed the court's records, "a presumption arises in favor of the validity of the judgment and the existence of all matters going to the power of the court to render the judgment").

¶ 40 Given all this, we disagree with Mr. Aune that the presumption of regularity doesn't apply to the 1996 default judgment. We, instead, conclude that it was "incumbent upon the [district] court to give effect to the presumption that the legal prerequisites to the entry of a valid judgment had been duly observed." *Haskell*, 145 Colo. at 367, 358 P.2d at 1026; *see also Worthen*, 98 F.3d at 483-84; *Hoag v. Jeffers*, 159 N.E. 753, 754 (Ind. 1928) ("A judgment by default, regular upon its face, is presumed to be clothed with the presumption that it was properly entered, when the record does not show anything inconsistent with such presumption.").

¶ 41 And integral to that presumption is that Mr. Tallman properly served Mr. Aune and the court had jurisdiction to enter the 1996

18

default judgment. *Hansen v. Pingenot*, 739 P.2d 911, 913 (Colo. App. 1987) ("The mere existence of a default judgment . . . raises a presumption of valid jurisdiction."); *see Seaboard Nat'l Bank v. Ackerman*, 116 P. 91, 93 (Cal. Dist. Ct. App. 1911) ("The fact that the evidence in the case at bar does not show upon whom or how the service of summons in the original action was made is not inconsistent with the conclusion that the defendant therein was properly served with summons, and 'it must be presumed in support of the action of the court that such service was shown to it, although it has not preserved any record thereof.'") (citation omitted); *Brenner v. Port of Bellingham*, 765 P.2d 1333, 1335 (Wash. Ct. App. 1989) ("When there is a recital in a default judgment that proper service of process has occurred, a presumption of jurisdiction arises . . . ."); *see also Worthen*, 98 F.3d at 484; *Haskell*, 145 Colo. at 367-68, 358 P.2d at 1026; *Kavanagh*, 53 Colo. at 165, 125 P. at 516; *People ex rel. Wyoming v. Stout*, 969 P.2d 819, 821 (Colo. App. 1998).

¶ 42     We therefore conclude that the district court erred in declining to apply the presumption of regularity to the 1996 default judgment when it granted the motion to vacate.

### III. Overcoming the Presumption of Regularity

¶ 43    The presumption of regularity, however, is just that — a presumption. It's not conclusive proof that something is true, and it may be overcome. *LePage*, ¶ 16; *see Krueger v. Ary*, 205 P.3d 1150, 1154 (Colo. 2009) (stating that if a rebuttable presumption is overcome, the presumption no longer establishes the presumed fact).

¶ 44    The burden therefore was on Mr. Aune to overcome the presumption attached to the 1996 default judgment. *Haskell*, 145 Colo. at 368, 358 P.2d at 1026. To do that, Mr. Aune needed to "affirmatively show" that Judge Barnhill erred in finding that Mr. Tallman effectuated service on Mr. Aune and complied with the service rules. *LePage*, ¶ 16; *see also Schuster v. Zwicker*, 659 P.2d 687, 690 (Colo. 1983) (presuming judgment correct "until the contrary affirmatively appears"). Conflicting inferences that may be drawn from the destroyed return of service alone are insufficient to overcome the presumption. *See LePage*, ¶ 16; *see also Choctaw & Chickasaw Nations*, 207 F.2d at 766 ("In the absence of any showing in the record either one way or the other, . . . it will be

presumed . . . that all parties to the action were properly served with process.").

¶ 45     Mr. Tallman argues that the unsworn statements in Mr. Aune's motion to vacate were not sufficient to meet his burden to overcome the presumption of regularity, and even if the statements could satisfy this burden, they don't show by clear and convincing evidence that the 1996 default judgment was void under C.R.C.P. 60(b)(3).  Reviewing the record de novo, *see Goodman*, 222 P.3d at 314, we agree.

¶ 46     Despite seeking to set aside the 1996 default judgment, Mr. Aune presented no affidavits or other affirmative evidence showing that service was not accomplished.  Nor did he request an evidentiary hearing or seek to supplement any of his filings with affirmative evidence.[4]  His showing was limited to assertions in his motion to vacate that he was "never served."  And the motion to vacate itself — though labeled "verified" — was not accompanied by an affidavit or signed under oath, and it did not contain an

---

[4] Nor does Mr. Aune ask this court to remand for an evidentiary hearing.

affirmation that the allegations were true to the best of Mr. Aune's knowledge, information, or belief.

¶ 47 At most, then, despite his burden of proof, Mr. Aune presented the district court with an unsworn assertion that two decades ago he was never served. Such "self-serving and conclusory inferences . . . do not suffice as 'affirmative' evidence" to overcome the presumption of regularity. *State v. Chaussee*, 259 P.3d 783, 790 (Mont. 2011); *see also Cambria v. Worldwide Custom Materials, Inc.*, 10 So. 3d 615, 617 (Ala. Civ. App. 2008) (concluding that unsworn assertion that parties had not been served with process was insufficient to rebut the presumption that the court rendering default judgment had jurisdiction). For the same reason, Mr. Aune didn't satisfy his burden of proof to present clear and convincing evidence to set aside the 1996 default judgment under C.R.C.P. 60(b)(3). *See Goodman*, 222 P.3d at 315.

¶ 48 We therefore reverse the district court's order vacating the 1996 default judgment and remand the case to the district court to reinstate it. *See Haskell*, 145 Colo. at 368, 358 P.2d at 1026.

## IV. Revival of the 1996 Default Judgment

¶ 49    Mr. Tallman lastly asks us to direct the district court to "grant a nunc pro tunc order for revival of judgment," arguing he complied with the procedural requirements to revive the 1996 default judgment. *See Robbins v. A.B. Goldberg*, 185 P.3d 794, 797 (Colo. 2008) (allowing for the revival of a judgment if the request was filed with the court within the required timeframe under C.R.C.P. 54(h)).

The district court didn't consider the merits of Mr. Tallman's motion to revive the 1996 default judgment but instead denied it as moot. Because we conclude the 1996 default judgment must be reinstated, the motion to revive is not moot. *See Holliday v. Reg'l Transp. Dist.*, 43 P.3d 676, 688 (Colo. App. 2001).

¶ 50    Thus, we reverse the denial of Mr. Tallman's motion to revive the 1996 default judgment, and on remand, the district court shall consider his request. We express no opinion on the merits of the motion.

## V. Conclusion

¶ 51    We reverse the district court's judgment and remand the case to the district court to reinstate the 1996 default judgment and to consider Mr. Tallman's request to revive the 1996 default judgment.

23

JUSTICE MARTINEZ and JUDGE MÁRQUEZ concur.