23CA1728 Rodriguez v Elite 08-01-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1728 Weld County District Court No. 22CV30728 Honorable Todd Taylor, Judge Daniel Rodriguez, Plaintiff-Appellee, v. Elite Rooter Denver, Inc., a Colorado corporation; Pratik Patel; and Alfonso Jimenez, Defendants-Appellants. ORDERS AFFIRMED AND APPEAL DISMISSED IN PART Division IV Opinion by JUDGE JOHNSON Navarro and Pawar, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 1, 2024 The Wilhite & Miller Law Firm, David H. Miller, Victoria E. Guzman, Denver, Colorado, for Plaintiff-Appellee Gray Bugos & Schroeder LLC, J. Lee Gray, Joshua F. Bugos, Littleton, Colorado, for Defendants-Appellants
1 ¶ 1 In this employment matter, defendants, Elite Rooter Denver, Inc. (Elite Rooter); Pratik Patel (Patel); and Alfonso Jimenez (Alfonso)
1 (collectively defendants), appeal the district court’s order entering default judgment against them in favor of plaintiff, Daniel Rodriguez (Rodriguez). Elite Rooter also appeals the district court’s orders denying defendants’ motions to quash service of process and to vacate the default judgment. We affirm the orders and dismiss the appeal in part. I. Background ¶ 2 Elite Rooter employed Rodriguez from June 2020 to December 2022. As a division manager whose duties were to make sales to customers and supervise technicians, Rodriguez was paid on a commission basis for sales over $1,000. In May 2022, Rodriguez made a sale to a customer totaling $454,592.32. ¶ 3 On September 27, 2022, Rodriguez filed a complaint alleging that Elite Rooter; Patel, the owner of Elite Rooter; and Alfonso, the Colorado area manager of Elite Rooter, failed to pay him his 1 Because we later refer to another individual by the name of Connor Jimenez, and he and Alfonso Jimenez share the same last name, we will refer to the individuals by their first names. We intend no disrespect in doing so. 
2 commission and unlawfully retaliated against him for demanding payment of those wages. The complaint also alleged that Alfonso committed civil theft of Rodriguez’s wages. Alfonso was served with the complaint on October 3; Elite Rooter was served on October 5 via April Sarmiento (Sarmiento), the receptionist of Elite Rooter’s operations manager, Connor Jimenez (Connor); and Patel was served on October 17 in Ventura, California. ¶ 4 Because the defendants failed to answer or otherwise respond to the complaint, Rodriguez applied for entry of clerk’s default on December 5, which the court clerk entered against all defendants on December 14. On January 17, 2023, Rodriguez filed a motion for default judgment. As requested by the court, Rodriguez set a damages hearing. The hearing took place on March 21, and none of the defendants attended. On March 22, Rodriguez filed an amended motion for default judgment requesting attorney fees and costs. The next day, on March 23, the court entered default judgment against defendants, jointly and severally, in the amount 
3 of $143,764.71
2 for the unpaid commissions and entered default judgment against Alfonso, individually, in the amount of $58,438.83 for civil theft. ¶ 5 On May 5, Rodriguez began collection efforts to satisfy the judgment by filing a writ of garnishment directed to Elite Rooter’s bank accounts. Elite Rooter entered its appearance through counsel for the first time on June 15 by filing a motion seeking to quash service of process. On July 6, Elite Rooter also filed a C.R.C.P. 60(b)(3) motion to vacate the default judgment and set aside the writ of garnishment as well as a motion to stay further enforcement of the default judgment. Rodriguez filed responses to the three motions, and on August 23, the court entered three orders denying Elite Rooter’s requested relief. ¶ 6 Defendants then filed two additional Rule 60 motions — a motion to reconsider and vacate the court’s damages award and a motion for reconsideration of the court’s orders denying the motion to quash and the motion to vacate the default judgment. In an 2 This amount included Rodriguez’s back wages, penalties under the Colorado Wage Act, compensatory damages, attorney fees, and costs. 
4 October 25 order addressing the two motions, the district court stated that because defendants had filed a notice of appeal “related to the judgment they seek to reconsider and vacate,” jurisdiction had shifted to this court. Thus, the district court said it “w[ould] take no action on the motion[s].” ¶ 7 Defendants appeal the March 23, 2023 order granting the amended motion for default judgment. Elite Rooter separately appeals the August 23, 2023 order denying the company’s request to set aside the default judgment because (1) its due process rights were violated when Rodriguez failed to notify it of the damages hearing, and (2) the judgment was void due to improper service of process. Respectively, defendants and Rodriguez also request appellate attorney fees and costs. II. March 23, 2023 Order ¶ 8 Rodriguez contends that defendants’ appeal of the March 23, 2023 order must be dismissed because their notice of appeal was untimely filed. We agree. ¶ 9 C.A.R. 4(a)(1) requires appellants to file an appeal within forty-
nine days of a final appealable order. It is well settled that a district court’s order denying relief under C.R.C.P. 60(b) “is appealable 
5 independently of an underlying judgment.” Guevara v. Foxhoven, 928 P.2d 793, 794 (Colo. App. 1996); see also Harriman v. Cabela’s Inc., 2016 COA 43, ¶¶ 55-56 (reaffirming that a party’s Rule 60(b) motion cannot circumvent the time limitations for a motion under C.R.C.P. 59(j), nor can it be used as a substitute for appeal). ¶ 10 The deadline to appeal the March 23 order was May 11, 2023. Defendants filed their notice of appeal seeking review of the March 23 order on October 5, 2023, 147 days past the deadline. ¶ 11 Because their notice of appeal was untimely filed, we dismiss the portion of defendants’ appeal seeking review of the March 23, 2023 default judgment. See Bosworth Data Servs., Inc. v. Gloss, 41 Colo. App. 530, 530-31, 587 P.2d 1201, 1202 (1978) (“Compliance with C.A.R. 4(a) is mandatory; failure to comply deprives this court of jurisdiction and precludes a review of the merits.”). 
6 III. August 23, 2023 Order ¶ 12 Elite Rooter contends that the district court erred when it did not vacate the default judgment because the company (1) was not properly served; and (2) did not get notice of the damages hearing.
3 A. Standard of Review and Applicable Law ¶ 13 C.R.C.P. 55(c) provides that the entry of a default judgment may be set aside in accordance with C.R.C.P. 60(b). A party may seek to set aside a default judgment on grounds it is void due to improper service of process under C.R.C.P. 60(b)(3). Goodman Assocs., LLC v. WP Mountain Props., LLC, 222 P.3d 310, 314 (Colo. 2010). We review de novo a court’s ruling under Rule 60(b)(3), as there is no discretion for the district court to exercise because “[t]he judgment either is void or it isn’t and relief must be afforded accordingly.” In re Marriage of Stroud, 631 P.2d 168, 170 n.5 (Colo. 1981). 3 In the reply brief, Patel and Alfonso appear to challenge the August 23, 2023 order. But in the opening brief, Patel and Alfonso say that only Elite Rooter challenges that order. Regardless, those two individuals did not file a motion to vacate the judgment under C.R.C.P. 60(b), so they cannot now appeal the August 23, 2023 order. 
7 ¶ 14 The defendant bears the burden of proof to establish by clear and convincing evidence that the judgment is void due to lack of personal jurisdiction because of improper service of process. Tallman v. Aune, 2019 COA 12, ¶ 24. ¶ 15 “The presumption of regularity generally presumes that a judgment is valid and was properly entered.” Id. at ¶ 29. A district court must “give effect to the presumption that the legal prerequisites to the entry of a valid judgment had been duly observed.” Id. at ¶ 40 (quoting Haskell v. Gross, 145 Colo. 365, 367, 358 P.2d 1024, 1026 (1961)). To rebut the presumption, the defendant must “affirmatively show” that the district court erred by finding proper service of process. Id. at ¶ 44 (quoting LePage v. People, 2014 CO 13, ¶16). Such an affirmative showing might include a defendant submitting affidavits or requesting a hearing to present evidence. See id. at ¶ 47. ¶ 16 Even if the district court correctly determines that the judgment is not void and cannot be set aside under Rule 60(b)(3) because service of process was proper, a default judgment may nevertheless be set aside under Rule 60(b)(1) if the defendant can prove mistake or excusable neglect. Goodman, 222 P.3d at 319. 
8 We review a court’s ruling under Rule 60(b)(1) for an abuse of discretion. Id. at 314. For excusable neglect, a court must consider whether (1) the neglect that resulted in the default judgment is excusable; (2) the moving party has alleged a meritorious defense; and (3) relief from the challenged order would be consistent with considerations of equity. Id. at 319. B. Service of Process was Valid ¶ 17 In its June 15 motion to quash and July 6 motion to vacate the default judgment, Elite Rooter submitted affidavits from Connor, who asserted that he was the operations manager of and “functional equivalent” of an officer for Elite Rooter. Connor attested that he had not been served the complaint, did not know about Rodriguez’s lawsuit until the company’s bank accounts were frozen, and that Sarmiento, the person purportedly served on October 5, 2022 by the process server, was a low-level employee and not his receptionist, secretary, or assistant. Elite Rooter argued that the default judgment should be vacated under Rule 60(b) by relying on federal case law and older Colorado case law. Indeed, neither motion relies on, much less cites to, the standards set forth in Goodman and Tallman. 
9 ¶ 18 In response, Rodriguez submitted his own affidavit, as well as an affidavit from the process server. The process server attested that, according to the Colorado Secretary of State’s website, Patel is listed as the registered agent for Elite Rooter, and he is located at the Windsor, Colorado office. At that office, the process server spoke to an unidentified woman, who informed him that Patel worked in the California office and that a person with authority for the company could be located at the company’s office in Westminster, Colorado. The process server went to the Westminster office and served Sarmiento, “who identified herself as the receptionist for Elite Rooter.” ¶ 19 In addition to the affidavits, Rodriguez argued that when return of service is in the proper form and sets out the requirements of C.R.C.P. 4, the burden shifts to the defendant to prove by clear and convincing evidence that service was improper.
4 The court’s August 23 order denied the motion to vacate the default 4 Although Rodriguez cites to Gibbs v. Ison, 76 Colo. 240, 241, 230 P. 784, 785 (1924) for the legal standard, the standard he relies on is generally consistent with the updated framework outlined in Goodman Assocs., LLC v. WP Mountain Props., LLC, 222 P.3d 310, 314 (Colo. 2010) and Tallman v. Aune, 2019 COA 12, ¶ 24. 
10 judgment based on the rationale set forth in Rodriguez’s July 24 responses. For the below reasons and based on this record, we will not disturb the court’s order.
5 ¶ 20 Even though Rodriguez did not specifically refer to it as such, he essentially argues that he is entitled to the presumption of regularity that the court properly entered the default judgment. He continues that the affidavit of service for Elite Rooter filed with the court was in the proper format; thus, it sufficiently recited “the essential facts to demonstrate adequacy of service.” Goodman, 222 P.3d at 315. ¶ 21 The court’s order does not explicitly find that Elite Rooter failed to rebut the presumption of regularity, but the record implicitly supports that Elite Rooter failed to “affirmatively show” by clear and convincing evidence that service upon it was improper. Tallman, ¶ 44 (quoting LePage, ¶ 16). Despite Connor’s affidavit, Elite Rooter failed to show through sworn statements from Sarmiento or Patel that 5 We treat Rodriguez’s responses to the motions to quash service and to vacate the default judgment as a combined response, as he incorporated his arguments made in the former into the latter. 
11 • Sarmiento did not receive the summons. • Sarmiento’s job title was not what she had identified to the process server. • Sarmiento’s job duties were not such that she had authority to provide the summons to the appropriate person in the company (Connor or Patel). • Patel, as the registered agent, had not received the summons from Sarmiento or the summons served on him in Ventura, California. Connor’s conclusory statements dispute that he received the summons, but that does not mean service was not properly effectuated on Elite Rooter given the absence of statements from Patel and Sarmiento refuting proper service. ¶ 22 And although not specifically discussed in the court order, our review of the record supports the court’s findings for two additional reasons. First, Connor did not dispute that Patel was listed as Elite Rooter’s registered agent, whose address for service was listed on the Secretary of State’s website as the Windsor office; Connor simply disputes that Patel, who was served at his workplace in California, was served in his capacity as the registered agent for 
12 Elite Rooter. Second, Patel had the burden “to put in place the systems and personnel to make certain that documents reach the registered agent in a timely manner.” Goodman, 222 P.3d at 317. Without an affidavit from Patel attesting to the procedures he implemented to ensure he fulfilled his duties, and because Patel lived in California (contrary to the Secretary of State’s information for Elite Rooter), these facts do not satisfy the standards outlined in Goodman. Thus, under Goodman and Tallman, the district court did not err when it declined to vacate the default judgment. C. Excusable Neglect ¶ 23 For the first time on appeal, Elite Rooter argues that the court should have vacated the default judgment because its failure to timely respond to the complaint was the result of excusable neglect (i.e., the improper service of process). We do not see any argument in Elite Rooter’s motion to quash or motion to vacate the default judgment asking the district court to set aside the judgment because of excusable neglect. And Elite Rooter cannot characterize its improper service of process argument as one also asserting excusable neglect, as the burdens of proof and standards of review are distinct. We will not fault the district court for not addressing 
13 the Goodman excusable neglect factors under C.R.C.P. 60(b)(1) when Elite Rooter did not specifically raise this argument below. See Est. of Stevenson v. Hollywood Bar & Cafe, Inc., 832 P.2d 718, 721 n.5 (Colo. 1992). D. Notice of Damages Hearing ¶ 24 Finally, unrelated to the service of process issue, Elite Rooter contends that the default judgment should be vacated because the company did not have notice of the damages hearing. Rodriguez argues that Elite Rooter did not preserve this argument. We agree with Rodriguez. ¶ 25 Rodriguez points us to Elite Rooter’s July 6, 2023 motion in which the company solely argued that the default judgment should be vacated because the complaint was not properly served. Rodriguez concedes that Elite Rooter raised due process arguments related to the damages hearing later in the company’s October 5 motion to reconsider. But, as mentioned above, Elite Rooter also filed on that same day its notice of appeal in this court, and therefore, the district court took no action on the motion to reconsider. 
14 ¶ 26 Based on this record, we agree with Rodriguez that Elite Rooter’s argument was not preserved because the court lost jurisdiction to rule on the alleged due process violation once Elite Rooter filed an appeal. See Musick v. Woznicki, 136 P.3d 244, 246 (Colo. 2006) (“Generally, the filing of a notice of appeal shifts jurisdiction to the appellate court, thus divesting the trial court of jurisdiction to conduct further substantive action related to the judgment on appeal.”). And even if the notice of appeal had not been filed, we generally do not address issues raised for the first time in a motion to reconsider. Lorenzen v. Pinnacol Assurance, 2019 COA 54, ¶ 18 n.3 (district courts and appellate courts are not obligated to consider new arguments raised in a motion to reconsider). Accordingly, we do not address this argument further. See Est. of Stevenson, 832 P.2d at 721 n.5 (“Arguments never presented to, considered or ruled upon by a [district] court may not be raised for the first time on appeal.”). IV. Appellate Attorney Fees and Costs ¶ 27 Given our disposition affirming the August 23, 2023 orders, we grant Rodriguez’s request for appellate costs. See C.A.R. 39(a)(2) (“[I]f a judgment is affirmed, costs are taxed against the appellant.”). 
15 In doing so, we deny defendants’ request for appellate costs. ¶ 28 As to the parties’ respective requests for appellate attorney fees, we deny both. Neither party cites any legal authority to support their entitlement to such fees. See C.A.R. 39.1 (requiring that the party requesting attorney fees explain the legal and factual basis to support the request). V. Conclusion ¶ 29 We affirm the August 23, 2023 orders and dismiss the appeal of the March 23, 2023 default judgment. JUDGE NAVARRO and JUDGE PAWAR concur.